23512.   COOLIDGE v. SANDWICH.

STEPHENS, J.   1. A plea wherein it is alleged that the plaintiff is "estopped to pursue" the pending suit, by reason of a judgment obtained in another suit in favor of the same person as plaintiff, against the same person as defendant, is in effect a plea of former recovery or res judicata. Civil Code (1910), §§ 4335, 5678. This ruling is clearly distinguishable from that in *Montgomery* v. *Fouché*, 125 *Ga.* 43 (53 S. E. 767), and *Juchter* v. *Boehm*, 63 *Ga.* 72, wherein it was held that the statutory proceedings to foreclose a mortgage and the common-law proceedings to recover upon the debt secured by the mortgage, are different causes of action, that the results of the two actions are dissimilar, and that in the common-law suit the pendency of the foreclosure proceedings can not be pleaded in abatement. In neither of these cases does it appear that a judgment in a suit which adjudicated the rights between the parties arising out of the same cause of action was pleaded. A judgment of a court of competent jurisdiction, notwithstanding it is subject to be reversed or set aside by an appellate tribunal in a case wherein the judgment excepted to is pending on a bill of exceptions in a reviewing court, may nevertheless be pleaded as res judicata.

2. The matter embraced in the statutory proceedings as provided in sections 3286, 3289, 3298, and 3299 of the Civil Code of 1910, to foreclose a bill of sale or mortgage to secure a debt evidenced by notes from the debtor to the creditor, which is the right of the creditor to recover upon the debtor's obligation to pay under the terms of the contract contained in the bill of sale or mortgage and the notes, and to a special lien on the property, is the same matter embraced and adjudicated in a judgment for the creditor against the debtor, which is declared to be a special lien upon the property, and which was rendered in a common-law

suit by the creditor against the debtor to recover on the notes.

3. In a statutory proceeding by which a creditor forecloses a bill of sale or mortgage given to secure a debt, an existing judgment for the plaintiff against the defendant, which was obtained in a common-law suit to recover upon the notes evidencing the debt, and in which a special lien is declared upon the property, is res judicata of all matters embraced in the proceedings to foreclose. The affidavit of illegality to the statutory proceedings to foreclose the bill of sale or mortgage in which it is alleged that the plaintiff is, by reason of the judgment obtained in the common-law proceeding, "estopped to pursue this attempted foreclosure," constituted a valid plea of res judicata, and the court erred in striking the affidavit of illegality and in thereafter rendering a verdict and judgment for the plaintiff.

*Judgment reversed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED SEPTEMBER 21, 1934.

*O. T. Lester, O. T. Lester Jr., J. Wightman Bowden,* for plaintiff in error.

*McElreath & Scott, J. Lon Duckworth,* contra.