ALEXINA BOYER and WILFRED BOYER, Appellants, v. HAROLD DUNN, Respondent.— Motion to change the place of trial of a negligence action from Queens county to Orange county. The accident occurred in the latter county and the action was originally brought there, where both parties resided. The plaintiffs later moved, temporarily or otherwise, to Queens county and discontinued the action in Orange county and brought a new action in Queens county. There was long delay in making the motion, but the motion for the change of trial for the convenience of witnesses was granted. Order affirmed, without costs. No opinion. Lazansky, P. J., Hagarty, Carswell, Davis and Johnston, JJ., concur.

EDWARD J. BYRNE and MARION E. BYRNE, Appellants, v. HARRY HASHER, Defendant, and JOHN LOEB, Respondent.— Action by father and daughter to recover respectively for personal injuries and damages to personal property sustained in a collision between two automobiles. The plaintiff daughter and defendant Loeb are the owners of the respective automobiles involved. In a prior action, brought by defendant Hasher, the operator of defendant Loeb's automobile, against the plaintiffs herein to recover for personal injuries claimed to have been sustained in the accident upon which this action is predicated, the plaintiff in that action (defendant Hasher) recovered a judgment for $750, which was affirmed on appeal. Loeb can be liable in this action only if Hasher was negligent. That issue was determined in the action in the Municipal Court and the judgment there is a bar to this action. Order granting judgment dismissing the plaintiffs' complaint and the judgment entered thereon unanimously affirmed, with ten dollars costs and disbursements. Present — Lazansky, P. J., Hagarty, Carswell, Davis and Adel, JJ.

MARGARET T. CLEARY and JOHN CLEARY, Appellants, v. SWEENEY REALTY CORPORATION, Respondent, and ANGELO MAZZIE, Defendant.— Action by wife and husband to recover respectively for personal injuries and loss of services as a result of the wife's falling down a stairway. As to the individual defendant, the complaint was dismissed at the close of plaintiffs' case, and from that determination no appeal has been taken. As to the corporate defendant, the jury brought in a verdict in its favor. From that part of the judgment in favor of the corporate defendant, the plaintiffs appeal. Judgment as to the corporate defendant unanimously affirmed, with costs. The questions of fact as to negligence, contributory negligence, and whether there was fraud or misrepresentation used in obtaining release, were all submitted to the jury. While the remarks of the trial justice were improper, they did not affect the trial because the proof clearly preponderated in favor of the corporate defendant in so far as the general release is concerned. Present — Lazansky, P. J., Young, Johnston, Adel and Taylor, JJ.

HOWARD W. COTTON, Appellant, v. DALTON MANUFACTURING CORPORATION and HUBERT DALTON, Respondents.— In an action brought to recover damages for alleged conversion of personal property, the order vacating item No. 3 of a subpœna *duces tecum* issued by plaintiff, requiring the defendants to produce upon the trial copies of income tax returns for the years 1928 to 1934, both inclusive, of the defendants, corporate and individual, and of five other corporations not parties to this action is affirmed, with ten dollars costs and disbursements. No opinion. Young, Hagarty, Johnston, Adel and Taylor, JJ., concur.