27646. ROADWAY EXPRESS INCORPORATED *v.* McBROOM.

224

DECIDED DECEMBER 5, 1939.

*Matthews, Owens & Maddox, Finley & Campbell, Hardin & McCamy, Haas, Gambrell & Gardner*, for plaintiff.

*D. W. Mitchell*, for defendant.

GUERRY, J. Charles McBroom entered suit in Whitfield County, Georgia, against Roadway Express Inc., and its indemnity-insurance carrier because of the alleged negligence of the agent and driver of the truck of Roadway Express Inc., one Walker, who, it is alleged, negligently drove the truck of Roadway Express Inc., into a truck being driven by the plaintiff and thereby caused certain personal injuries. In addition to its answer the defendant filed a plea of former adjudication in which it was alleged that Walker, the driver and agent of Roadway Express Inc., whose alleged negligence is the basis of the plaintiff's action here, had, as a result of the collision of the said trucks, filed suit in Tennessee against the plaintiff in a named court of competent jurisdiction to recover for injuries that he, Walker, had sustained in damages to his truck, it being the same truck, growing out of the same transaction or collision referred to in the present action, and that in that suit the plaintiff here was the defendant, and Walker had recovered against him a judgment, which had been affirmed by a reviewing court in Tennessee, and that such judgment settled "all issues as between the parties to this case." This amendment was allowed, but on the trial of the case the trial judge sustained a motion to strike such amendment. The defendant excepted pendente lite to such ruling, and as this question is determinative of the action we will consider it first.

We may say in the beginning that under the full faith and credit clause of the constitution (Code, § 1-401; *McHenry v. McHenry*, 152 *Ga.* 105, 108 S. E. 522; *Latine* v. *Clements*, 3 *Ga.* 426; *Tarver*

v. *Rankin,* 3 *Ga.* 210; *Sharman* v. *Morton,* 31 *Ga.* 34; *Thomas* v. *Morrisett,* 76 *Ga.* 384) a judgment of a court of competent jurisdiction in Tennessee, if properly proved, may have the effect of former adjudication in matters pending in the courts of this State. Code, §§ 38-627, 102-110, 110-501. The question here presented is whether a plea which sets up that Walker, the agent and driver for the defendant, had successfully prosecuted his action in Tennessee arising against the plaintiff in the present action by reason of the same collision of trucks and the same transaction, is a plea of former adjudication in the present action. The law as laid down in Code, § 110-501, is that "A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered, until such judgment shall be reversed or set aside." May a judgment in favor of Walker against the plaintiff here, growing out of the same collision of trucks, be pleaded in a suit filed by such plaintiff against Walker's employer, who is charged only with negligence alleged to have been committed by Walker in the operation of the truck at that time? Strictly speaking, the parties are not the same. Walker was the plaintiff in the former action, but he is not the defendant in the present action. Issues in a second suit are concluded as between parties and their privies if they were made in the first suit or if, under the rules of pleading and evidence, they could have been put in issue. *McDade* v. *Burch,* 7 *Ga.* 559, 563 (50 Am. D. 407); *Watkins* v. *Lawton,* 69 *Ga.* 671; Code, §§ 38-623, 110-501.

The Supreme Court in the case of *Smith* v. *Gettinger,* 3 *Ga.* 140, 142, has given the following definition of a privy: "Privies are all persons who are represented by the parties and claim under them, all who are in privity with the parties; the term privity denoting mutual or successive relationship to the same rights of property." We quote further: "This rule is founded upon the expediency and necessity that a limit should be prescribed to litigation, and that the same cause of action ought not to be brought twice to a final determination. 'Justice requires (says Mr. Greenleaf) that every cause be once fairly and impartially tried; but the public tranquillity demands, that having been once so tried, all litigation of that question and between those parties should be closed

forever.' Persons occupying the relation of privies are concluded by the judgment, on the ground that they are identified in interest with the party."

The question as applied to facts such as are alleged in the present case has never been decided in Georgia so far as we have been able to discover. It has been repeatedly held that a verdict exonerating the servant in a joint action brought against the master and the servant for damages caused solely by the negligence of the servant requires a verdict for the master also. See the well-reasoned opinion by Judge Beck in *Southern Ry. Co.* v. *Harbin,* 135 *Ga.* 122 (68 S. E. 1103, 30 L. R. A. (N. S.) 404, 21 Ann. Cas. 1011). The negligence of the master in such a case is entirely derivative from the negligence of the servant, or, as Judge Beck says, the negligence of the master is imputed under the doctrine of respondeat superior, the primary obligation for such negligence resting upon the servant, and when the master is required to respond in such damages he has an action over against his servant or employee. See also *Salmon* v. *Southern Ry. Co.,* 137 *Ga.* 636 (73 S. E. 1062) ; *Southern Ry. Co.* v. *Davenport,* 39 *Ga. App.* 645 (148 S. E. 171) ; *Southern Ry. Co.* v. *Smith,* 55 *Ga. App.* 689 (191 S. E. 181).

Under the allegations of the petition in this case the negligence of Roadway Express Inc. was derivative from the negligence of Walker, its agent and driver at the time, and its responsibility for such negligence is by reason of the doctrine of respondeat superior. In Good Health Dairy Products Cor. *v.* Emery, 275 N. Y. 14 (9 N. E. 2d, 758, 112 A. L. R. 401, 403), it was said: "Where the liability of a principal is derivative, a judgment on the merits in favor of the servant or agent from whom the liability is derived may be set up as a defense by the principal, in an action to recover against him, although he was not a party to the other action." Under facts which are identical with those alleged in this case in Byrne *v.* Hasher, 249 App. Div. 651 (291 N. Y. S. 510) it was held that a plea of res judicata was available to the owner of the car whose liability was dependent on the proof of negligence of his agent, the agent himself having recovered from the parties who brought the action against his own employee. See also Central N. Y. Coach Lines *v.* Syracuse Herald Co., 249 App. Div. 692 (291 N. Y. S. 247) ; Portland Gold Mining Co. *v.* Stratton (C. C. A.) 158 Fed. 63 (16 L. R. A. (N. S.) 677).

The rule is well stated in 1 Freeman on Judgments, 5 ed., 1031, § 469, as follows: "The rule is general and well settled that where the liability, if any, of a principal or master to a third person is purely derivative and dependent entirely on the principle of respondeat superior, a judgment on the merits in favor of the agent or servant, or even a judgment against him, in so far as it fixes the maximum limit of liability, is res judicata in favor of the principal or master though he was not a party to the action. This rule is only an exemplification of the broader rule by which one whose liability is wholly derivative may claim the benefit of a judgment in favor of the person from whom his liability is derived, if not based on grounds applicable only to the latter." We think the provision of the Code that a judgment is conclusive as to the parties and their privies, together with the rule applicable where a master is liable solely under the principle of respondeat superior, give to such master the right to plead, as res judicata, a judgment rendered in favor of such servant or employee, when the identical negligence in the transaction is the subject-matter of the suit on which the judgment in favor of the servant is predicated.

It is insisted, however, that the plea of res judicata in this case failed to have attached thereto an exemplification of the proceedings which are alleged to have been based on the same cause of action between the parties, and that for this reason the court correctly struck the plea. When the plea was offered it was ordered filed without objection. On the trial an oral motion to strike the plea was offered and sustained, and exception to this ruling was preserved pendente lite. A motion to strike is nothing more than a general demurrer. It does not take the place of a special demurrer. The plea alleged that the plaintiff ought not to recover for the reason that on August 18, 1937, W. E. Walker, who in the petition is alleged to have been the driver of the truck and the employee of the defendant, filed his suit in a named court in Tennessee against the named plaintiff to recover damages sustained by said Walker, growing out of the same transaction referred to in said petition and the same automobile truck, and that said action resulted in a verdict in favor of Walker which has been affirmed by the appellate court, and that the result of that suit adjudicated all issues between the parties to the present action. There was no demurrer raising the question as to the sufficiency of the allegation,

because no exemplification of the record of such proceedings in the Tennessee court was attached, nor was the defendant allowed to amend by attaching such record.

In *Butler* v. *Moseley,* 14 *Ga. App.* 288 (2) (80 S. E. 789), it was said: "A plea of estoppel by judgment should allege all the facts and exhibit all the record essential to show that the plea is meritorious." In that case it appeared that the plea was never allowed, but objections were offered to its allowance. The plea was not set out in the main bill of exceptions or in the exceptions pendente lite except by way of recital therein. The court said that although it was recited in the exceptions pendente lite that the same issues had been determined, this court had no record before it by way of exemplification of the proceedings and that "it is impossible to determine from the exceptions whether this contention of the defendant is well founded. The record in the former suit should have been attached to the plea, and both the plea and the record should have been exhibited with the exceptions, in order that the court might see whether the defendants' contention that the plaintiff was concluded by the judgment in the former case was well founded." The court in that case held in effect that, not having before it the plea that was offered, it could not hold that the trial court erred in disallowing it. In *Scarborough* v. *Edgar,* 176 *Ga.* 574 (3) (168 S. E. 592), it was said "A plea of res adjudicata must set forth fully all the proceedings in the alleged former adjudication which is pleaded in bar of the action." A reading of the record in that case discloses that the plaintiffs filed special demurrers to the plea of res judicata, among which was one that the answer was not accompanied by duly-certified copies of the proceedings and record in the said alleged action. The Supreme Court said (page 583): "We are of the opinion that the court erred in overruling the demurrers and in not striking the answer of the defendants. The defendants, not being required to amend their answer in the respects pointed out by special demurrers, left the answer insufficient to withstand the general demurrers, and therefore required that they should have been sustained." There is quite a different rule when it comes to *proving* a judgment which is relied on as an estoppel. It can only be *proved* by offering in evidence a complete and duly-authenticated copy of the entire proceedings in which it was rendered. The case of *Weaver* v.

*Tuten,* 138 *Ga.* 101 (2) (74 S. E. 835), supports this principle. "To be subject to general demurrer, a petition [or plea] must be utterly lifeless. If there is a spark of life in it, it is good against such a demurrer, and any defects therein which can be cured by amendment must be reached by special demurrer." *Medlock* v. *Aycock,* 16 *Ga. App.* 813 (86 S. E. 455). In *Medlock* v. *Wood,* 4 *Ga. App.* 368 (61 S. E. 516), the court said: "The answer of a defendant will resist a general demurrer or motion to strike, no matter how defective in some respects the answer may be, if it contains any matter of substantial right which the defendant can properly present by plea."

The test of the sufficiency of a plea to resist a general demurrer or motion to strike is, may the plaintiff admit all that is contained or alleged therein and yet be entitled to recover? In *Jones* v. *Lavender,* 55 *Ga.* 228 (2), it is said: "The record of a former recovery is admissible under a special plea (however vague) setting up a former suit, *unless objected to on account of insufficiency in the plea."* (Italics ours.) A plea of res judicata which alleges that the same issues between the same parties or their privies have been adjudicated in a court of competent jurisdiction is sufficient as against a motion to strike, however subject it may be to a special demurrer. See *Coolidge* v. *Sandwich,* 49 *Ga. App.* 564 (176 S. E. 525). A plea which alleges that in a suit between the same parties and in respect to the same transaction and the damages arising therefrom the issues have been adjudicated may be subject to special demurrer based on the ground that the allegations are conclusions of the pleader, but as against a general demurrer they are statements of fact, and the sustaining of a motion to strike can not be upheld on this ground. Just as has been said in *Hudgins* v. *Coca-Cola Bottling Co.,* 122 *Ga.* 695 (50 S. E. 974): "Mere general averments of negligence are sufficient as against a general demurrer; but when a special demurrer is filed raising the objection that the allegations are too general, the particulars of the negligence must be set forth." The statement that the matters put in issue in the suit in Tennessee were in respect to the same transaction referred to in the present suit may be a conclusion, and upon proper timely demurrer the pleader would have been required to attach duly-authenticated copies of the proceedings in the Tennessee court to his plea. He was not required to do this upon an oral motion to strike the plea.

The court having stricken this plea and thus withdrawn the issues attempted to be made by such plea, and this ruling having been erroneous, it becomes unnecessary to determine the issues made upon the trial, for if the defendant is able upon trial to prove the allegations of his plea of former adjudication no other trial will be necessary.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*