FINLAY ELDER, Appellant, v. NEW YORK & PENNSYLVANIA MOTOR EXPRESS, INC., Respondent.

First Department, May 3, 1940.

*Thomas J. Milan* of counsel [*Kuzmier, Milan & O'Rourke,* attorneys], for the appellant.

*Walter K. Pick* of counsel [*Myron J. Greene* with him on the brief; *Millard & Greene,* attorneys], for the respondent.

DORE, J. Plaintiff, driver of a truck involved in a collision with another truck, sues defendant, owner of the other truck, for personal

injuries claimed to be caused by defendant's negligence in the collision. The sole issue on this appeal is whether a prior judgment for property damage in favor of this plaintiff's employer against this same defendant in a prior action arising out of the same accident is conclusive on the issue of defendant's liability in the present action.

The actions arose out of a collision on October 9, 1935, between two trucks, one owned by United States Trucking Corporation, driven by this plaintiff, Finlay Elder, the other owned by New York & Pennsylvania Motor Express, Inc., defendant herein. In 1935 before this action was instituted, two prior actions brought by the owners of the trucks against each other for property damage arising out of the collision were consolidated, and after a trial in the Municipal Court before the court and a jury, judgment for $219.67 was entered in favor of plaintiff's employer on the jury's verdict against this defendant. In 1937 plaintiff, Elder, commenced this action in the Supreme Court for personal injuries.

After his employer's successful suit against this defendant in the Municipal Court, plaintiff served a supplemental complaint herein setting forth the facts regarding the prior consolidated action, the trial and the judgment in favor of his employer against this defendant. Plaintiff claimed such prior judgment was conclusive in this action on the issue of liability, estopping defendant from retrying the issues of negligence and freedom from contributory negligence.

At the opening of the trial defendant admitted the factual allegations of the supplemental complaint but denied the conclusiveness of the prior judgment. Before any evidence was adduced, plaintiff moved for a directed verdict against defendant on the issue of liability on the ground that the prior judgment was *res judicata* as to such issue. The trial court denied the motion; the action was tried on the merits; the jury returned a verdict in favor of defendant upon which judgment was entered dismissing the complaint. Plaintiff appeals.

By stipulation this appeal is confined to the order of the trial court denying plaintiff's motion for a directed verdict on the issue of liability. It was also stipulated that the Municipal Court record could be used on appeal with the same force and effect as though it had been offered in evidence. We have examined the record in the prior action between the two employers in the Municipal Court, and the issues determined were this defendant's negligence through the negligence of its driver in operating defendant's truck and this plaintiff's freedom from negligence as driver in operating his employer's truck. It was not disputed that at the time of the accident the drivers of both trucks were engaged in the business of their employers.

On this appeal plaintiff relies on *Good Health Dairy Products Corp.* v. *Emery* (275 N. Y. 14); defendant and the trial court relied on *Haverhill* v. *International R. Co.* (217 App. Div. 521 [Fourth Dept.]; affd., 244 N. Y. 582).

No one's right should be prejudiced by a prior action unless he has had an opportunity to litigate the issues as a party in control thereof. In the prior Municipal Court action for property damage, however, this same defendant had full opportunity to litigate and did litigate the issues of negligence and contributory negligence and they were determined adversely to it. On the reasoning of the *Good Health* case (*supra*) we think this defendant should not be permitted to relitigate here the identical determinative issues even though this plaintiff was not a party to the prior action and personally would not be bound by the judgment therein.

In the *Good Health* case there was a collision between two cars and thereafter successive actions. In the first action Mr. Emery, driver of a car owned by his mother, Mrs. Emery, sued Good Health Dairy Products Corporation, owner of the other car, and its driver for personal injuries, and recovered. Thereafter, Good Health Dairy brought the second action against Mrs. Emery, as owner, and Mr. Emery, her driver. Both Mrs. Emery, who had counterclaimed for property damage, and her driver were permitted to set up the prior judgment as *res judicata* against the Good Health Dairy. Although Mrs. Emery was not a party to the earlier action in that case, Good Health Dairy Corporation was a party, had control of the action so far as the issue of its liability was concerned, and that issue was determined adversely to its contentions. The Court of Appeals discussed at length the doctrine of *res judicata* as applicable to a state of facts similar to that now before this court and said:

" Behind the phrase *res judicata* lies a rule of reason and practical necessity. One who has had his day in court should not be permitted to litigate the question anew. Although normally it is necessary that mutuality of estoppel exist, an exception is at times made where the party *against* whom the plea is raised was a party to the prior action and ' had full opportunity to litigate the issue of its responsibility.' [See *Liberty Mutual Ins. Co.* v. *Colon & Co.*, 260 N. Y. 305, 312.] Under such circumstances the judgment is held to be conclusive upon those who were parties to the action in which the judgment was rendered. Where a full opportunity has been afforded to a party to the prior action and he has failed to prove his freedom from liability or to establish liability or culpability on the part of another, there is no reason for permitting him to retry these issues.

" Where the issue in the second action differs in any way from that in the earlier action, the plea, of course, is not available." (*Good Health Dairy Products Corp.* v. *Emery*, 275 N. Y. 14, 18.)

In the prior action in which the judgment in favor of plaintiff's employer was recovered, it was essential to establish this defendant's negligence; and this defendant, although it had full opportunity to show its freedom from negligence, was found liable. Plaintiff, not being a party to the earlier action and not having had an opportunity to litigate his own rights and liability, would not be bound by the prior judgment; but here, as in the *Good Health* case, that is not a valid ground for allowing defendant to litigate anew the precise issues decided against it in the earlier action to which it was a party.

The *Haverhill* case (*supra*) arose out of a collision between a motor truck and a street car. The driver of the motor truck first sued the railway company for personal injuries and recovered. Thereafter, Haverhill, the owner of the truck, sued the railway company for property damage. It was held that the prior judgment in favor of Haverhill's driver could not be interposed by him as *res judicata* in his favor against the railway on the issues presented in the second action on the grounds that there was neither identity of parties nor identity of subject-matter, that the estoppel was not mutual, and that the case did not come within any of the exceptions of the strict rule of mutuality.

The basis of the holding in the *Good Health* case was that the one against whom the rule was sought to be enforced had had his day in court on the same issues and should not be permitted to relitigate them. There appears to us to be no good reason for applying the rule in favor of the person represented (Mrs. Emery in the *Good Health* case) whose liability was derivative, and refusing to apply it in favor of the driver (plaintiff in this case) whose negligence or freedom from negligence (as shown in the prior record before us) solely determined his employer's liability. In the *Good Health* case Mrs. Emery, the defendant employer who had not been a party to the earlier litigation, was permitted to plead on her own behalf the prior judgment in her employee's favor although she was asserting a counterclaim in the second action and accordingly was herself in the position of one invoking the prior judgment not merely as a bar to prevent the other party from offering evidence, but affirmatively to establish the other party's liability.

On the facts in this record we think the rule expressed in the *Good Health* case controls. Although not mentioned or distinguished in the *Good Health* opinion, the *Haverhill* case must be deemed considered as it was referred to in the briefs of both sides before the Court of Appeals.

We have applied the same rule in the recent case of *Singer* v. *Brooklyn & Queens Transit Corporation* (254 App. Div. 721). In the *Singer* case the plaintiff, driver of a taxicab which was in

collision with a trolley car, was permitted to serve a supplemental complaint pleading as *res judicata* a prior judgment in favor of his employer against the railroad company arising out of the same collision. (See, also, *House* v. *Lockwood*, 137 N. Y. 259, 268; *Byrne* v. *Hasher*, 249 App. Div. 651; affd., 275 N. Y. 474; *Sarine* v. *American Lumbermen's Mutual Casualty Co.*, 258 App. Div. 653, 654.)

Defendant earnestly contends that the driver's liability is as to himself original and not derivative; *i. e.*, that he is the direct actor and the issue of his personal liability is being litigated here for the first time. But that contention is not relevant. It is not here sought to make the prior judgment *res judicata* against the driver who was not a party to the first action but only against defendant, who was a party.

The judgment appealed from should be reversed, with costs, and a new trial granted for the purpose of assessment of damages.

GLENNON, COHN and CALLAHAN, JJ., concur; MARTIN, P. J., dissents.

Judgment reversed, with costs, and a new trial ordered for the purpose of assessment of damages.