UNITED STATES TRUCKING CORPORATION, Plaintiff, *v.* NEW YORK & PENNSYLVANIA MOTOR EXPRESS, INC., Defendant.

Municipal Court of New York, Borough of Manhattan, Second District, October 20, 1941.

*John Ross Lauer* [*David J. Mountain, Jr.*, of counsel], for the plaintiff.

*Millard & Greene* [*Walter K. Pick* of counsel], for the defendant.

MARKS, J. This action is brought to recover for medical expenses incurred by the plaintiff in the treatment of its employee, Finlay Elder, for injuries arising out of a collision between trucks owned by the plaintiff and the defendant respectively. All of the facts have been stipulated.

In a prior action the plaintiff brought suit in this court against the defendant for property damage arising out of the same collision. The defendant also brought suit against the plaintiff seeking to recover its property damage arising out of the same collision. The two actions were consolidated; this plaintiff became the plaintiff in the consolidated actions; and after trial before a court and jury judgment was recovered by the plaintiff against the defendant and the defendant's counterclaim was dismissed on the jury's verdict.

Thereafter Elder, for whose treatment recovery is now sought, brought suit in the Supreme Court, New York County, against the defendant herein, to recover damages for his personal injuries claimed to have been caused in the same accident. This action proceeded to trial before a jury and judgment was rendered upon its verdict dismissing the complaint. Appeal was taken to the Appellate Division, First Department, which reversed the lower court and sent the case back for a new trial for the purpose of assessing damages (259 App. Div. 380). The defendant appealed to the Court of Appeals which reversed the determination of the Appellate Division and reinstated the judgment of Trial Term (284 N. Y. 350). Final judgment was thereupon entered dismissing the complaint.

The action now before this court is brought by the plaintiff, self-insurer, under the Workmen's Compensation Law to recover the sum of $180.25 for medical expenses incurred for the necessary treatment of its employee, Finlay Elder, for injuries arising out of the collision hereinabove referred to. The complaint was based on alleged negligence of the defendant. The action is based on subdivision (c) of section 13 of the Workmen's Compensation Law. The amount and reasonableness of the bills are not disputed, nor is the necessity of payment by the plaintiff. The plaintiff incurred such charges prior to the filing by Finlay Elder of any notice of election to sue defendant and prior to the institution of suit by Finlay Elder against the said defendant.

The plaintiff contends that the judgment for plaintiff against defendant in the Municipal Court action for property damages is *res judicata* in the instant case. It is the contention of the defendant that the judgment for defendant in the action of Finlay Elder in the Supreme Court for personal injuries is *res judicata* in the instant case. And the question presented to this court is: Which, if either of the two prior judgments, controls the determination in the case at bar.

Section 13 of the Workmen's Compensation Law, as it existed at the time of the accident in which Finlay Elder was injured (October 9, 1935), provided in part as follows:

"§ 13. Treatment and care of injured employees.

"(a) The employer shall promptly provide for an injured employee such medical, surgical or other attendance or treatment, nurse and hospital service, medicine, crutches and apparatus for such period as the nature of the injury or the process of recovery may require. The employer shall be liable for the payment of the expenses of medical, surgical or other attendance or treatment, nurse and hospital service, medicine, crutches and apparatus necessitated by the injury of an employee, for such period as the nature of the injury or the process of recovery may require. All fees and other charges for such treatment and services shall be limited to such charges as prevail in the same community for similar treatment of injured persons of a like standard of living. * * *

"(c) The liability of an employer for medical treatment as herein provided shall not be affected by the fact that his employee was injured through the fault or negligence of a third party, not in the same employ, unless and until notice of election to sue or the bringing of suit against such third party. The employer shall, however, have an additional cause of action against such third party to recover any amounts paid by him for such medical treatment, in like manner as provided in section twenty-nine of this chapter." (Laws of 1935, chap. 258.)

The right of the plaintiff to maintain this action has been definitely established by the appellate courts. (See *Commercial Casualty Ins. Co.* v. *Dwyer,* 137 Misc. 440; *Butchers' Mutual Casualty Co. of N. Y.* v. *Emerald Cab Corp.,* 174 id. 1.)

To entitle the plaintiff in this action to recover against the defendant the issue of negligence must be disposed of. There must be a finding that the accident was caused solely by reason of the negligence of the defendant without any negligence on the part of the plaintiff contributing thereto.

Under section 29 of the Workmen's Compensation Law (Laws of 1935, chap. 328) the employer becomes entitled to recover on the additional cause of action given to him under subdivision (c) of section 13 against a third party negligently injuring an employee. These two sections of the law must be read and construed together for the purpose of ascertaining the legislative intent behind the statute. It is this court's opinion that the Legislature never intended to permit the employee by any act of his own to foreclose any additional rights of the employer.

The cause of action given to the employer by subdivision (c) of section 13 of the Workmen's Compensation Law is not based upon any assignment of any cause of action which the employee had.

In this case the employee did not incur or pay any medical expenses and he could not have recovered in his cause of action for medical expenses which he has neither incurred nor paid. This is very clearly pointed out in the case of *Zurich G. A. & L. Ins. Co.* v. *Childs Co.* (253 N. Y. 324), where the court held in an opinion written by Cardozo, Ch. J. (p. 329): " The verdict, however, is too large, for in it there are items of damage not recoverable by the plaintiff as assignee under the statute. The point was saved upon the trial by appropriate exceptions. The difficulty is this. Under the Workmen's Compensation Law, the medical and hospital treatment of injured employees must be furnished by the employer. This was done by the insurance carrier, acting as the employer's representative, upon report of Bellville's injuries. The bills were substantial, $4,726.50. If Bellville were suing as plaintiff, he could not recover these expenses, for the reason that he had neither incurred nor paid them (cf. *Matter of Sandberg* v. *Seymour Dress Co.*, 242 N. Y. 497; *Matter of Finkelstein*, 252 N. Y. 519); they were paid and incurred by another, acting in the discharge of a statutory duty. He would be in the same position in demanding them as an infant seeking compensation for payments by a father. The insurance carrier suing under section 29 as assignee or subrogee of the injured employee, may recover those damages and those only that could be recovered by the assignor if he were suing for himself. (*Travelers Ins. Co.* v. *Brass Goods Mfg. Co.*, 239 N. Y. 273.) "

The situation in the case at bar is analogous to that of an infant seeking to recover for medical expenses paid by her father. A judgment in the infant's action for personal injuries would not be *res judicata* of the issues in the parent's action for loss of services and medical expenses paid. (See *Ballantine* v. *Ahearn*, 170 Misc. 651.) The plaintiff in this action was not a party to the Elder action and the cause of action given to the employer is in no way dependent upon the cause of action of the employee and the adjudication in the case of Finlay Elder against the defendant in this action is not binding upon the plaintiff in this case.

The adjudication in favor of the defendant in the Supreme Court action is no more binding and conclusive upon the plaintiff in this action than would be the adjudication in favor of the plaintiff in a Municipal Court action upon the employee Elder in his action against the defendant in the Supreme Court. The same reasoning must be applied in the instant case. The opinion of the Appellate Division in the case of *Haverhill* v. *International R. Co.* (217 App. Div. 521; affd., 244 N. Y. 582) is not in conflict with this conclusion, as the court in that case said that " There must be an

identity of the thing demanded and identity of the cause of demand." The employee, Elder, was never entitled to the cost of the medical expenses which is the subject-matter of the instant cause of action. The case of *Liberty Mutual Ins. Co.* v. *Colon & Co.* (260 N. Y. 305), cited by the defendant in its memorandum, is readily distinguishable from the case at bar in that the court in that case held that there was no cause of action in addition to the cause of action given to the employer or carrier under the facts present in that case.

The court is of the opinion that the questions relating to defendant's negligence and to plaintiff's contributory negligence in the matter of the collision between the two trucks were, by the trial in the Municipal Court, for all time determined between those who were parties to that action and are also parties to the present action.

For the foregoing reasons the plaintiff is entitled to recover the sum of $180.25 against the defendant, and the clerk of this court is directed to enter judgment accordingly.