**KING v. STUART MOTOR CO.**

**SAME v. NELMS.**

Civ. A. Nos. 2550, 2551.

District Court, N. D. Georgia, Atlanta Division.
Oct. 28, 1943.

728

G. Seals Aiken, of Atlanta, Ga., for plaintiff.

Grover Middlebrooks, of Atlanta, Ga., for defendants.

RUSSELL, District Judge.

In a prior suit Mrs. King sued Mrs. Leach for damages alleged to have been sustained while she was riding in Mrs. Leach's car as an invited guest. The acts of negligence alleged were the conduct of Mrs. Leach in directing her chauffeur to operate the car at a greatly excessive rate of speed, as well as the negligence of the chauffeur himself. In other words, the suit was predicated on the active negligence of both Mrs. Leach and her chauffeur, for which she was liable under the principle of respondeat superior. Upon the trial of the case the jury found generally in favor of the defendant. The plaintiff appealed to the Circuit Court of Appeals, and there the judgment of the trial Court was affirmed.

King v. Leach, 5 Cir., 131 F.2d 8, which may be examined for a further statement of the facts.

Mrs. King thereafter instituted the present suits. In one she proceeds against Nelms, the chauffeur and driver of the car at the time of the accident, and in the other proceeds against the Stuart Motor Company upon the theory that it was the owner of the car in which the plaintiff was riding, and had furnished it for the use of Mrs. Leach, the defendant in 'the former action, and who is now alleged to be an officer and agent of the Stuart Motor Company and acting within the scope of her duties in directing the operation of the automobile at the time of the accident. The occurrence is the same as that involved in the former suit, and the actors, whose conduct and negligence are now involved, are the same persons alleged in the former suit to have caused the plaintiff's injuries by their negligent acts. The only difference involved is that the chauffeur is sued directly and Mrs. Leach, though not a party in either of the present actions, occupies, with reference to the motor company, the same relative position as agent, as the chauffeur occupied in the former suit against her.

Defendants respectively plead the former adjudication as an estoppel against plaintiff, they contending that the negligence of both Mrs. Leach and Nelms, the driver, was the question at issue in the prior litigation, and it having been determined by the verdict of the jury in favor of the defendant that neither were negligent, that the plaintiff can not now proceed merely by recasting the parties and the capacity in which Mrs. Leach participated in the accident. The motion to strike this defense was overruled and by motion for summary judgment the present defendants have tendered the material portions of the pleadings, transcript of the evidence, and charge of the Court in the former case, contending that it is thereby shown that as a matter of law the defendants are entitled to a judgment as there is no dispute as to any material fact bearing upon this question. The plaintiff resists the motion for summary judgment on the grounds principally that the defendant in the former action denied each and every allegation seeking to charge her with the ownership of the automobile and that the driver was her servant, and further that the former case was not between the same parties or their privies as the latter, and that the issues sought to be determined in the present case were not adjudicated in the former case. It is also

strenuously urged that the grant of the motion for summary judgment would deprive the plaintiff of her right to a trial by a jury contrary to the Constitution of the State of Georgia and of the United States. Const.Ga. art. 6, § 18, par. 1; Const.U.S. Amend. 7.

■ It appears that the motion for summary judgment in each case should be granted. Consideration of the record upon the former trial discloses that except for the denial en bloc of each of the several paragraphs of the petition made by the answer of the defendant, no issue was at all raised, or that the defendant attempted to escape liability upon the ground the driver was not her agent or that she was not responsible for the operation of the automobile. In fact by the evidence this was freely conceded. The most that the plaintiff can claim is that upon cross examination she referred to the driver as "our" driver, and the car as "our" car, whereas on direct examination she had stated that it was her driver and her car. The charge of the Court submitted the case to the jury in accordance with the law, that the defendant was liable for the negligence of the driver of the automobile as well as for her own negligence. And it was this negligence which was the matter and thing in controversy, and the ownership of the car, or the question of who furnished it to the former defendant, Mrs. Leach, was not material for the reason that unless either the person in charge of the car, or the driver of the car, was guilty of such negligence as would authorize a recovery by the plaintiff, the plaintiff would in no event be entitled to prevail. It is clear that the verdict of the jury determined this question of negligence against the plaintiff. The result is that it has been adjudicated that neither the driver of the car nor Mrs. Leach, the party having it in control and under whose direction it was being operated, were guilty of negligence which would authorize a recovery by the plaintiff. Under the issues involved Mrs. Leach was responsible not only for her own acts but for the acts of the driver of the car. The Stuart Motor Company could in no event be held liable unless Mrs. Leach was liable. The legal result is that Nelms, the driver, may plead the bar of the former adjudication of his acts and conduct in the same transaction in the suit against his master, Mrs. Leach, and upon the same basis, the Stuart Motor Company is entitled to the bar of the adjudication upon the ground that its agent, Mrs. Leach, has been adjudicated not liable to the plaintiff as the result of the identical occurrence now alleged against it. When a judgment is rendered in favor of an employer who is sued for his employee's negligence, it bars a subsequent action by the plaintiff against the employee for the same negligence. Blashfield's Cyclopedia of Automobile Law and Practice, Volume 9, § 5835, page 111. "Where the liability, if any, of the master to a third person is purely derivative and dependent entirely upon the principle of respondeat superior, a judgment on the merits in favor of the agent or servant is res judicata in favor of the principal or master though he was not a party to the action. This rule is an exemplification of the broader rule by which one whose liability is wholly derivative may claim the benefit of a judgment in favor of the person from whom his liability is derived, if not based on grounds applicable only to the latter." Roadway Express Incorporated v. McBroom, 61 Ga. App. 223, 6 S.E.2d 460; Pinnex v. Griffin, 221 N.C. 348, 20 S.E.2d 366, 141 A.L.R. 1164. The case of Portland Gold Mining Company v. Stratton's Independence, 8 Cir., 158 F. 63, 16 L.R.A.,N.S., 677, contains a collection of authorities dealing with this question. See also citations in Roadway Express, Inc. v. McBroom, supra.

■■ In the prior suit, under the doctrine of respondeat superior, Mrs. King was liable for each and every act of negligence of Nelms as fully as Nelms would have been if personally sued. His acts and conduct were directly involved. In addition Mrs. Leach was liable for any negligent acts or conduct of her own. Thus the prior verdict finding in her favor in effect determined that neither she nor Nelms were negligent. Certainly the finding in favor of Mrs. Leach was available to the Stuart Motor Company sought to be charged in this suit for her negligence. As to it, the case is identical in principle with Southern Railway Company v. Harbin, 135 Ga. 122, 68 S.E. 1103, 1105, 30 L.R.A.,N.S., 404, 21 Ann.Cas. 1011, wherein it was ruled that a recovery against the master could not be sustained where in the same case a verdict was returned in favor of the servant. As quoted in the Harbin case, supra, "If the employé who causes the injury is free from liability therefor, his employer [in this case the owner and furnisher of the car] must also be free from liability." It

therefore appears that as a matter of law the verdict in the former case affords an adjudication of non-negligence which is available to both the defendant Nelms, and the defendant Stuart Motor Company, and there being no dispute in the evidence as to any material facts, the motion for a summary judgment should be granted. The question is one of law. There is no dispute as to the material issues involved in the former adjudication. Under these circumstances the contention of plaintiff that she is thereby deprived of a jury trial does not require further consideration.

Plaintiff further contends that counsel for the defendants in the present case, who was likewise of counsel for the defendant in the former case, was guilty of violation of rule 11 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, in denying every material allegation of the petition even when it was known that some paragraphs were not controverted, and that such violation is sufficient to authorize a denial of the present motion for summary judgment. Under the circumstances there is room for finding that the filing of such an answer in the Federal Court would have been a violation of the rule, but it appears from the record that the answer was filed in the State Court where such a rule does not obtain. No motion was made to require additional pleadings after removal of the case to this Court, and in any event the penalty of the rule does not embrace that of declining to adjudicate a subsequent cause upon its legal merits.

An order will be entered granting the motion of the defendant, Douglas Nelms, and the defendant, Stuart Motor Company, Incorporated, for a summary judgment against the plaintiff on the ground that there is no issue as to any material fact and the law requires judgments in favor of such defendants.