■ WILLIAM J. RYAN, Respondent, v. GREAT ATLANTIC AND PACIFIC TEA COMPANY et al., Appellants.— Order of the Supreme Court, Richmond County, dated October 30, 1967, which denied defendants' motion for a change of venue to Chemung County, on the grounds of convenience of witnesses and that the ends of justice will be promoted by the change, reversed, on the law and the facts, and motion granted, with $10 costs and disbursements. The cause of action is one for damages resulting from defamation. The alleged defamation occurred in Chemung County and the alleged damages related to anticipated business transactions which were to take place in Chemung County. The Special Term found that "the number of material witnesses are fairly equal for each side." The general rule is that a transitory cause of action, all other things being equal, should be tried in the county in which it arose (*Slavin* v. *Whispell*, 5 A D 2d 296, 297–298, and cases cited therein). This rule is particularly applicable in defamation cases, especially in those cases where the genesis and effect of the defamation are local in nature (*Condon* v. *Schwenk*, 10 A D 2d 822). Therefore, we find that this action should be tried in Chemung County. The Special Term held that the motion was not made "promptly after the joinder of issue." CPLR 511 (subd. [a]) states that the motion "shall be made within a reasonable time after commencement of the action." The motion was made five months after joinder of issue. In the absence of a showing of prejudice, we find that a period of five months does not constitute unreasonable delay (cf. *Boyer* v. *Dunn*, 249 App. Div. 651). The transfer of the action from an urban county where there is a congested Trial Calendar to a rural county where there is no delay in reaching trial will serve the ends of justice by resulting in a speedier trial (*Slavin* v. *Whispell*, *supra*; *Fisher* v. *Rothrum*, 9 A D 2d 734). Beldock, P. J., Christ, Brennan, Hopkins and Martuscello, JJ., concur.