435 F.2d 146
 Betty ALBERS, Plaintiff-Appellant,
v.
Bill A. GANT et al. (two cases), Defendants-Appellees.
Jerry ALBERS, Plaintiff-Appellant,
v.
Bill A. GANT et al., Defendants-Appellees.
 No. 30182 Summary Calendar.*
 United States Court of Appeals, Fifth Circuit.
 December 7, 1970.
 Rehearing Denied January 6, 1971.
 
 Marson G. Dunaway, Jr., Rockmart, Ga., for plaintiffs-appellants.
 John D. Jones, James A. Eichelberger, Greene, Buckley, DeRieux & Jones, Atlanta, Ga., for defendants-appellees.
 Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 These cases arose out of an intersection collision between a tractor trailer owned by Ralph Walker, Inc., and operated by Bill Gant, an employee of the company, and an automobile operated by Miss Cheryl Belew in which Jerry Albers was a passenger. As a result of the collision, Albers was injured. He and his wife Betty brought these actions for damages against Ralph Walker, Inc., and Olympic Insurance Company, the insurance carrier for the trucking company, in a Georgia state court. The defendants removed the cases to the United States District Court for the Northern District of Georgia. A jury returned a verdict for the defendants, and the district court entered a judgment in each of the cases ordering that the plaintiffs take nothing. The Albers now seek to appeal from those judgments.
 
 
 2
 We have concluded that the appeal should be dismissed for want of jurisdiction. A brief review of some of the procedural aspects of the case is necessary to an explanation of our decision. The district court rendered its judgments for the defendants on February 13, 1970. On March 12, the Albers filed a motion to stay enforcement of the judgments, correct a clerical mistake in each of the judgments, and extend the time for filing a notice of appeal.[1] On March 16, the Albers filed a notice of appeal. On March 17, they filed a motion for a new trial. On April 14, the Albers dismissed their notice of appeal filed on March 16. On May 5, the district court denied the motion for a new trial. On May 6, the court granted the motion to correct the clerical mistake in the judgments, and on the following day, amended the judgments to correct the mistake.[2] On June 8 — 115 days after the entry of the final judgments on February 13 — the Albers filed another notice of appeal.
 
 
 3
 The federal Courts of Appeals have jurisdiction of appeals from all final judgments of the district courts (except those reviewable on direct appeals to the Supreme Court). 28 U.S.C. § 1291; 3A W. Barron & A. Holtzoff, Federal Practice & Procedure, § 1552, at 56 (Wright ed. 1961). There can be no doubt that the judgments entered in favor of the defendants on February 13 were final judgments. In order to perfect an appeal from those judgments, the Albers were required to file a notice of appeal within 30 days. Rule 4(a), F.R. A.P. This they did. Nevertheless, on April 14, they dismissed their timely filed notice of appeal. As soon as they did that, this Court lost jurisdiction of the appeal. A timely notice of appeal is essential to confer jurisdiction on this Court to review the judgment of the district court. Southern Agency Co. v. LaSalle Cas. Co., 8 Cir. 1968, 393 F.2d 907, 915; Maryland Cas. Co. v. Conner, 10 Cir. 1967, 382 F.2d 13, 15.
 
 
 4
 Moreover, we cannot consider as timely the notice of appeal filed on June 8. It is true that the filing of certain post-trial motions in the district court suspends the running of the time for filing a notice of appeal until 30 days after a decision on those motions. See Rule 4(a), F.R.A.P. But those post-trial motions must be timely filed themselves if they are to extend the time for filing a notice of appeal. See Virginia Land Co. v. Miami Shipbuilding Corp., 5 Cir. 1953, 201 F.2d 506, 508; C. Wright, Federal Courts 467-68 (2d ed. 1970). A motion for new trial must be filed within 10 days of the entry of the judgment. Rule 59(b), F.R.Civ.P. In this case the motion was not filed within that time, and the district court thus lacked jurisdiction to hear and rule upon the motion. Turner v. Ohman House Corp., 6 Cir. 1967, 376 F.2d 347, 350; Hulson v. Atchison, Topeka & Santa Fe Ry. Co., 7 Cir. 1961, 289 F.2d 726, 729. Moreover, the Albers' motion to correct a clerical mistake in the entry of the judgments could not suspend the running of the time for filing a notice of appeal. Motions under Rule 60, F.R.Civ.P., neither affect the finality of the judgment nor extend the time for taking an appeal. See Smith v. Stone, 9 Cir. 1962, 308 F.2d 15, 18; C. Wright, Federal Courts 467 (2d ed. 1970).
 
 
 5
 Since the only timely filed notice of appeal in this case was dismissed, this Court has no jurisdiction to review the judgment of the district court. The appeal is hereby dismissed.
 
 
 
 Notes:
 
 
 *
 [1] Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F. 2d 409, Part I
 
 
 [1]
 The final judgment entered in each of the cases on February 13 recited "that the plaintiff take nothing, that the action be dismissed on its merits, and that the defendants, Olympic Insurance Company and Ralph Walker, Inc., recover of the plaintiff * * * their costs of action." The Albers had also named as a defendant Bill Gant, the employee of Ralph Walker, Inc., who had been operating the tractor trailer at the time of the accident. Gant, however, was never served with process and was therefore never made a party to the litigation. The Albers proceeded to trial against Ralph Walker, Inc., and Olympic Insurance Company. By means of their motion to correct a clerical mistake, the Albers sought to amend the judgments to show that they were in favor of only two of the three potential defendants in the case
 
 
 [2]
 The judgments, as amended, read "that the plaintiff take nothing against the defendants Olympic Insurance Company and Ralph Walker, Inc.; that the action be dismissed as to these two defendants, and that Olympic Insurance Company and Ralph Walker, Inc., recover of the plaintiff * * * their costs of action."
 At the same time the court denied a motion to remand the case against Bill Gant to state court, or in the alternative, to command service of process on Gant. The court concluded that the judgments against the plaintiffs in these actions were res judicata in any subsequent action against Gant and therefore ordered that the case against Gant be dismissed. See Roadway Express, Inc. v. McBroom, 61 Ga.App. 223, 6 S.E.2d 460 (1939). See also Lober v. Moore, 1969, 135 U.S. App.D.C. 146, 417 F.2d 714; King v. Stuart Motor Co., N.D.Ga.1943, 52 F. Supp. 727.