Eugene **KRUSHINSKI**, Plaintiff,

v.

**ROADWAY EXPRESS, INC.,**
**Defendant.**

Civ. No. 84–1485.

United States District Court,
M.D. Pennsylvania.

Dec. 20, 1985.

. Peter G. Loftus, Scranton, Pa., for plaintiff.

Jeffrey Ivan Pasek, Paul L. Feldman, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

NEALON, Chief Judge.

Presently before the court is defendant's Motion for an Award of Expenses, Reasonable Counsel Fees and Costs pursuant to Fed.R.Civ.P. 11. A brief in support of the motion was filed September 20, 1985. Plaintiff opposed the motion by brief filed October 7, 1985 to which defendant replied October 15, 1985. The motion is now ripe for disposition. For the reasons set forth below, the parties will be required to file supplemental briefs.

## FACTUAL BACKGROUND

The gravamen of plaintiff's complaint centered upon his termination of employment from Roadway on September 24, 1982. Plaintiff, previously employed as a dock worker by Roadway, alleged that he was discharged because of his religious beliefs. As a member of The Worldwide Church of God, plaintiff maintained that his religion observes a doctrine which requires abstaining from work from Friday at sundown until Saturday at sundown. Plaintiff alleged defendant denied him time off from work to observe the Sabbath and, as a result, plaintiff was forced to use personal and sick leave time. When these days were exhausted, plaintiff did not report for work and was subsequently sus-

pended and terminated from his employment.

## LEGAL STANDARD

Defendant has moved for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure. Rule 11 provides:

> The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

As amended, Rule 11 explicitly provides for sanctions to be imposed upon an attorney who violates the certification that good grounds exist for the pleading and that the pleading, or paper, is not submitted for delay purposes. The Amendment of 1983 was born out of a concern over the increasing amount of frivolous litigation and abusive practices of attorneys. *See Roadway Express, Inc. v. Piper*, 447 U.S. 752, 757 n. 4, 100 S.Ct. 2455, 2459 n. 4, 65 L.Ed.2d 488 (1980). In its original form, Rule 11 only provided for striking scandalous pleadings and requirements for signature on papers by counsel of record. The new provision for sanctions, however, is intended to deter abusive practices and misuse of the litigation process. William W. Schwarzer, *Sanctions Under the New Federal Rule 11—A Closer Look*, 104 F.R.D. 181 (1985).

Specifically, Rule 11 applies to every paper filed in court by an attorney or person appearing *pro se;* requires a reasonable prefiling inquiry into the factual and legal grounds for the paper; specifies that the paper must be well grounded in fact *and* warranted by existing law or good faith argument for the modification, reversal, thereof; precludes papers from being filed for dilatory or other improper purpose, and *directs* the court to impose sanctions for violations of the rule including reasonable attorney's fees. Schwarzer, *supra* at 184–85.

In discussing the standard to be applied, our Third Circuit Court of Appeals stated:

> The standard for testing conduct under amended Rule 11 is reasonableness under the circumstances, a more stringent standard than the original good faith formula.... Thus, subjective bad faith is no longer a predicate to a Rule 11 violation; the test is now an objective one of reasonableness.

*Eavenson, Auchmuty & Greenwald v. Holtzman*, 775 F.2d 535, 540 (3d Cir.1985). In *Eavenson,* our Court of Appeals cautioned that "in exercising its discretion, the district court 'is expected to avoid using the wisdom of hindsight and should test the signer's conduct by inquiring *what was reasonable to believe at the time the pleading, motion or other paper was submitted.'* " *Id.* citations omitted (emphasis in original).

With the legal standard set forth, the court notes one final issue regarding Rule 11 before proceeding to the merits. There is a general reluctance among both lawyers and judges to seek or impose sanctions on other attorneys. It is unpleasant and also increases the existing work of counsel and the court. This case, however, exemplifies what this court believes may represent violations of Rule 11. It is an obligation of the court to impose sanctions under Rule 11 when it is warranted. To do otherwise would render the Rule meaningless.

## MERITS

In granting defendant's Motion for Summary Judgment, the court found the major-

ity of plaintiff's claims to either fail to state a cause of action or be wholly without merit.[1]

In opposition to an imposition of sanctions, plaintiff's counsel advances a number of arguments in support of his position that an award of fees is not justified. First, he maintains that the court did not dismiss plaintiff's claims in an off-hand manner because the court issued an 18-page Memorandum in dismissing the claims. Second, plaintiff contends that it is defendant's "fault" that the action is in federal court since defendant removed the action from state court. Had defendant left well enough alone, plaintiff maintains, the efforts of both parties would not have been duplicated.[2] Third, plaintiff maintains that Rule 11 is violated only when the complaint is originally filed in federal court. Fourth, plaintiff argues "until the Court has decided the issues which have been raised, a basis continues to exist for the belief that a lawsuit is valid." Document 19 of the Record at 3. Finally, plaintiff contends that Rule 11 does not explicitly provide for an award of attorney's fees and that defendant's motion is untimely. These issues will be discussed *seriatim*.

■■■ Plaintiff's argument is that the court dismissed the action in an 18-page Memorandum, thus the arguments were not dismissed in an off-hand manner. The court does not find this dispositive. Indeed, it was because plaintiff had alleged a "myriad of claims" and arguments that such a long memorandum issued from this court. *See* Memorandum and Order dated September 5, 1985, 627 F.Supp. 934, Document 15 of the Record at 3; 2–3 n. 1–3.

Plaintiff's reliance upon the court's action is misplaced. The standard under Rule 11 focuses on the reasonableness of the *attorney's* conduct under the circumstances. *See Eavenson, supra.*

Plaintiff's contention that it was defendant's "fault" that work in the action was duplicated because defendant removed the action to federal court is unclear. Plaintiff argues that

[a]t the early stages of the proceedings not only in this case but also in Civil No. 84–1006, it could not logically be concluded or discerned whether or not a state action would be successful. Indeed, Defendant's effort to increase the amount of litigation rather than allow the one effort to proceed in deference to the other, thus allowing all parties to see how the evidence, the law, etc., develops, can only be placed firmly in Defendant's lap.

Document 19 of the Record at 2. It was plaintiff's decision to initiate two separate causes of action. That defendant removed the state action to federal court has no bearing on the issue presently before the court.[3]

■■■ In continuing to resist a finding of a Rule 11 violation, plaintiff baldly asserts that "Rule 11 has not been violated and only would be violated if the Complaint had originally been filed in the federal court since the rule does not obtain where the Complaint is filed in the state court. The rule quite clearly pertains only to actions filed in federal court." Document 19 of the Record at 3. Plaintiff cites one case, *King v. Stuart Motor Co.*, 52 F.Supp. 727 (N.D. Ga.1943) in support. Aside from the questionable precedential value of *King* and the fact that it significantly pre-dates the 1983

---

1. For example, the court found the record devoid of any evidence demonstrating a finding of extreme or outrageous behavior, thus plaintiff's claim of intentional infliction of emotional distress was dismissed. The court further found that plaintiff had failed to state a cause of action of wrongful discharge, breach of contract pursuant to a § 301 claim. Additionally, the court ruled that plaintiff could not maintain a direct cause of action under the Pennsylvania Constitution against a private employer. Memorandum and Order dated September 6, 1985.

2. This argument is apparently premised upon the theory that of the two actions, (federal and state), one would be stayed pending resolution of the other.

3. Indeed, plaintiff's concession that at the early stages of the state claim he was unable to conclude if it would be successful comes very close to admitting that there was no reasonable inquiry into the facts underlying the allegations or the law that would support the claims asserted.

Amendment of Rule 11, it simply does not provide support for plaintiff in the case *sub judice.* Additionally, a cursory reading of Rule 11 reveals that it applies not only to the complaint, but also to any motion, pleading *or other paper* filed. An attorney involved in a diversity action, removed from state court to federal court, must follow the requirements of Rule 11. *See Davis v. Veslan Enterprises,* 765 F.2d 494 5th Cir.1985); Fed.R.Civ.P. 81(c).

Plaintiff also maintains that "until the Court has decided the issues which have been raised, a basis continues to exist for the belief that a lawsuit is valid." Document 19 of the Record at 3. Plaintiff misconstrues his obligation under Rule 11. The *attorney* is required to make a reasonable inquiry into the facts supporting the allegations, certify that such an inquiry was made and that existing law, or modification thereof, supports the position or allegation as stated. The *court* is obligated to impose sanctions when an attorney fails to follow the requirements specified in Rule 11. An attorney cannot justify the validity of a lawsuit based upon the fact that the issues presented are pending before the court. Such an interpretation would render Rule 11 entirely meaningless.

Finally, plaintiff argues that the petition untimely and that Rule 11 "no where [sic] explicitly provides for an award of attorney's fees." Document 19 of the Record at 3. Plaintiff is wrong. Rule 11 does explicitly provide for an award of attorney's fees. Further, the court finds the petition timely filed. *See e.g., White v. New Hampshire,* 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982) (Rule 59(e) tenday limit does not apply to request for attorney's fees under § 1988). *See also Gordon v. Heimann,* 715 F.2d 531 (11th Cir.1983) (applying *White* to Rule 11 attorney's fees request).

Plaintiff has not argued the merits of the Rule 11 issue raised by defendant. In support of its petition, defendant contends that some of plaintiff's claims were wholly frivolous when filed and that as to others, plaintiff's attorney should not have pursued those claims when it became clear that the claims lacked all merit. Defendant, however, does not particularize its arguments on each of the claims. Unfortunately, the court is unable to resolve the issue of sanctions in this case without further argument by the parties. While hesitant to increase the amount of time spent and papers filed in this action, this action represents a case in which the court believes sanctions may very well be appropriate. "[J]udges may fear that initiating the process of imposing sanctions may spawn satellite litigation, *i.e.,* ancillary proceedings that may themselves assume the dimensions of litigation with a life of its own." *See* Schwarzer, *supra* at 183. Such a fear, however, does not diminish the obligation of the court to follow the dictates of Rule 11. As a result, the parties will be directed to file supplemental briefs.

Defendant should particularize its arguments regarding plaintiff's claims. The court believes, in an attempt to consolidate the papers filed, that it may be an appropriate time for defendant to specify the amount of damages it is seeking. Plaintiff is cautioned that he must respond *specifically* to defendant's arguments and should address any damage issues raised by defendant as well. Appropriate citation to case law is expected.

An appropriate Order will enter.

### ORDER

In accordance with the reasoning set forth in the accompanying Memorandum, IT IS HEREBY ORDERED THAT:

(1) Defendant shall file a Supplemental Brief within twenty (20) days of this Order.

(2) Plaintiff shall respond within fifteen (15) days after defendant's brief is filed.