## 54975. DEROLLER v. POWELL.

DEEN, Presiding Judge.

B. J. Deroller, executor under the will of J. Frank Jordan, brought suit against J. B. Powell claiming that Powell was indebted to the decedent in the amount of $5,920.50 on an open account. At the close of plaintiff's evidence the trial court directed a jury verdict in favor of defendant. Plaintiff appeals from the dismissal of his motion for a new trial and from the judgment on the verdict.

At trial, plaintiff's sole witness was Roy Williams who testified that he worked for Jordan at Union Gin & Warehouse and that his duties were to keep a record of accounts in a daily ledger, to supervise other employees by instructing them what to do, and to see that the trucks were loaded. He produced a daily ledger which indicated that J. B. Powell had maintained an account with the business since 1965 and testified that Powell had paid off the balance due on his account every year prior to 1974 and that the account was active during 1974. Although the court sustained defendant's objection to any testimony of business relations between the parties prior to 1974 and instructed the witness that he could not testify as to the nature of any business dealings between the parties other than the fact there were such dealings, defense counsel agreed to stipulate that one Willie West had farmed for Powell prior to 1974 and that Powell had instructed Roy Williams and the decedent that West "bought stuff and it was charged to J. B. Powell."

Roy Williams testified that he could not recall being present when Jordan and defendant had a conversation about Powell getting credit for 1974, but he let West have goods and charged them to Powell because "Mr. West was working with Mr. Powell, and he'd done it over the years, and I understand Mr. Powell was working the public work and Mr. West was planting crops and so forth." Q. "Well,

who told you to let him have it though?" A. "Well, Mr. Jordan." Q. "Did Mr. Jordan tell you that, just put it on the truck Willie was driving." A. "Well, not on every load, I mean it was assumed that he was buying the stuff from us like he'd done for years."

When testifying as to the activity of the 1974 account, Williams recalled various purchases that were entered on the account and specifically remembered occasions when he sent out large loads of fertilizer on a company truck to be spread on defendant's land, but he was not present when the actual spreading was done. He also recalled times when West picked up fertilizer in Powell's pickup truck, but could not remember whether or not Powell had personally made any purchases during 1974. He further testified that Jordan was not in the practice of sending out statements in connection with the accounts and that he had never received any complaints from Powell about the quality of the goods, services rendered, or the amount charged, and that Powell did not make any payment other than that shown on the books. (The daily ledger indicates 28 credit transactions in 1974 including a credit sale of $357.85 on 4-25-74 and a later payment of $357.85 on 5-7-74, although there was no testimony about the cash payment on the account.) At the conclusion of Williams' testimony, defense counsel agreed to permit the daily ledger to be introduced into evidence.

1. In his first enumeration of error, plaintiff contends that the trial court erred in dismissing his motion for a new trial as premature because it was filed four days before the jury verdict was entered on October 23, 1976, although the motion was filed thirty-three days after the jury verdict was directed by the trial court. Plaintiff's motion for a new trial was dismissed on August 1, 1977, and he filed his notice of appeal on August 16, 1977. We agree with the ruling of the trial court. Code Ann. § 70-301 requires that "[a]ll applications for a new trial, except in extraordinary cases, shall be made within 30 days of the entry of the judgment on the verdict, or entry of the judgment where the case was tried without a jury." The motion for a new trial was made before the judgment was entered and is therefore premature. See *Moore v. Moore,* 229 Ga. 600 (193 SE2d 608). Plaintiff

incorrectly tries to extend *Gillen v. Bostick,* 234 Ga. 308 (215 SE2d 676) which permits the filing of premature notice of appeal to include premature filing of a motion for a new trial. The Supreme Court, however, does not indicate any intent in the *Gillen* case, supra, to expand its decision to include motions for new trial.

Plaintiff's notice of appeal, however, was timely filed under Code Ann. § 6-803 because ". . . the notice shall be filed within 30 days after the entry of the order granting, overruling, *or otherwise finally disposing of the motion.*" (Emphasis supplied.) See *Harrison v. Harrison,* 229 Ga. 692 (194 SE2d 87).

2. Plaintiff asserts that the trial court erred in granting defendant's motion for a directed verdict at the conclusion of plaintiff's evidence. The standard for a directed verdict is set forth in Code Ann. § 81A-150 (a) (CPA rule 50 (a)) and "[i]t is error to direct a verdict unless the evidence demands the particular verdict and fails to disclose any material issue for jury resolution." *Humble Oil &c. Co. v. Mitchell,* 230 Ga. 323, 326 (197 SE2d 126). Roy Williams' testimony that the records were kept by him in the regular course of business, that he sent trucks containing fertilizer out to Powell's farm, and that he believed Willie West was still acting as agent for defendant were sufficient to raise a jury question as to whether or not defendant maintained an account with Jordan in 1974. It is therefore our opinion that the evidence presented in this case does not demand a verdict for defendant, and that the action of the trial court erroneously deprived plaintiff of a jury resolution of the factual issues as to whether or not defendant had an account with Jordan in 1974 and whether or not the balance on any such account was unpaid. See *Cotton v. John W. Eshelman & Sons, Inc.,* 137 Ga. App. 360 (223 SE2d 757).

3. In his third enumeration of error, plaintiff contends that the trial court erred in excluding evidence of pre-1974 dealings between the parties.

The trial court's ruling that plaintiff's witness could not testify about business relations between the parties prior to 1974 other than the fact there were such dealings was error. "Where the trial court excludes admissible and

material evidence offered on behalf of plaintiff, it is error to direct a verdict against him. [Cits.]" *Isom v. Schettino,* 129 Ga. App. 73, 76 (199 SE2d 89). The course of dealings between the parties in this case would have been probative as to whether or not defendant maintained an account in 1974 because under Code Ann. § 109A-1—205 (1) "[a] course of dealing is a sequence of previous conduct between the parties to a particular transaction which is fairly to be regarded as establishing a common basis of understanding for interpreting their expressions and other conduct." Therefore, the past dealings of the parties as to the manner in which credit was extended to defendant was material as to whether or not this conduct continued in 1974.

Under the doctrine of continuity, "[a] condition or fact once shown to exist is presumed to continue until a change in such status is shown." *Roberts v. Hill,* 81 Ga. App. 185 (2). In the present case, it was stipulated that the parties had business dealings prior to 1974 and that Willie West had acted as J. B. Powell's agent prior to 1974. Roy Williams' testimony that Willie West picked up goods which were charged to defendant in defendant's pickup truck gives rise to a jury question as to whether or not West was still acting as Powell's agent. " 'When an alleged principal, by act or conduct, has knowingly caused or permitted another to appear as his agent, he will be estopped to deny the agency.' [Cits.]. . . There is a caveat to this rule, however, for its protection extends only to 'third persons who have in good faith and in reasonable prudence dealt with the apparent agent on the faith of the relation.' [Cit.]" *Peoples Bank of LaGrange v. Ga. Bank &c. Co.,* 126 Ga. App. 768, 772 (191 SE2d 876). There is no evidence of bad faith reliance on the part of Williams; he was instructed by Jordan to let West have certain goods and at other times relied upon his apparent authority when he appeared in defendant's truck. "[O]ne who has held another out as his lawful agent is estopped to deny his agent's acts within the apparent scope of his authority and about his principal's business. The authority of the agent may be established by proof of a long course of dealing by such agent in a similar manner for his principal. [Cits.]" *Futch v. Royster Guano Co.,* 51 Ga. App.

305, 306 (3) (180 SE 368). Therefore, we conclude it was error for the trial court to exclude evidence of prior dealings between the parties.

*Judgment reversed. Smith and Banke, JJ., concur.*

ARGUED JANUARY 3, 1978 — DECIDED JANUARY 24, 1978.

*Surrett, Thompson, Bell, Choate & Walker, James D. Walker, Jr.,* for appellant.

*Joe W. Rowland,* for appellee.