75570. BARNES v. CITY OF ATLANTA et al.
(366 SE2d 822)

CARLEY, Judge.

At the times relevant to this appeal, appellant-plaintiff was employed as a policeman by the appellee-defendant City of Atlanta

(City). During a period when appellant was on disciplinary suspension from active duty as a policeman, he was found to be ineligible for promotion to captain. Thereafter, appellant's administrative appeal resulted in the revocation of his disciplinary suspension. On certiorari, the superior court affirmed the administrative determination to revoke appellant's suspension. The City did not appeal.

Although appellant had succeeded in having his suspension revoked, he was not thereafter promoted to police captain. He then filed a complaint which named the City and others as defendants. Appellant's complaint sought, among other relief, the issuance of a writ of mandamus ordering his promotion to captain. The trial court denied appellant's petition for mandamus on the merits. Appellant did not appeal.

Appellant did, however, subsequently file the complaint which initiated the present action. Appellant's complaint named as the defendants the City and appellee George Napper, in his capacity as the City's Commissioner of Public Safety (Commissioner). Relying upon 42 USCA § 1983, appellant set forth claims based upon appellees' failure to promote him to police captain and upon appellees' alleged harassment of him. Appellees answered and raised, among their other defenses, res judicata and governmental immunity. Appellees subsequently moved for summary judgment. As to appellant's promotion claim, the trial court granted appellees' motion based upon their res judicata defense. As to appellant's harassment claim, the trial court granted appellees' motion based upon their governmental immunity defense. Appellant appeals from the grant of appellees' motions for summary judgment.

1. As to his promotion claim, appellant enumerates as error the trial court's grant of summary judgment to appellees on their res judicata defense.

OCGA § 9-12-40 provides that "[a] judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside." " 'In order for the doctrine of res judicata to apply . . . there are three prerequisites to which the situation must conform. They are: (1) identity of parties[, including their privies]; (2) identity of the cause of action; and (3) adjudication by a court of competent jurisdiction. All of these elements must concur. [Cits.]' [Cit.]" *Firestone Tire &c. Co. v. Pinyan*, 155 Ga. App. 343, 345 (2) (270 SE2d 883) (1980). The record shows that the denial of appellant's previous petition for mandamus was on the merits. The denial of that petition for mandamus is, therefore, a conclusive adjudication of appellant's entitlement to a promotion. See 50 CJS 150, fn. 58, Judgments, § 691. "[T]he appellant's

claim[s] against [appellees] alleging [violations] of 42 USC § 1983 [were] barred by the doctrine of res judicata, because [they] could and should have been presented to the . . . court [hearing the petition for mandamus]." *Morgan v. Dept. of Offender Rehabilitation*, 166 Ga. App. 611, 614 (2) (305 SE2d 130) (1983). Therefore, as to appellant's promotion claims, the trial court did not err in granting appellees summary judgment based on their res judicata defense.

2. As to his harassment claims, appellant enumerates as error the trial court's grant of summary judgment to appellees based upon their defense of governmental immunity.

"We interpret 42 USCA § 1983 to create a cause of action, cognizable by the courts of this state, based upon acts which are in implementation of an *intentional policy*, adopted or ratified by the governing body of a public agency, which acts work deprivation of a constitutional right. Such a policy may be formal or informal, acknowledged or vigorously denied, persistent or intermittent, or implemented by but one single act. What is required to be proved, directly or circumstantially, is that a governing body has worked constitutional deprivation of a citizen pursuant to an impermissible or corrupt policy which is intentional and deliberate." (Emphasis in original.) *City of Cave Spring v. Mason*, 252 Ga. 3, 4 (310 SE2d 892) (1984). See also *Martin v. Ga. Dept. of Public Safety*, 257 Ga. 300, 304-305 (4) (357 SE2d 569) (1987). Appellees' evidence was sufficient to show that their treatment of appellant was neither harassment nor the result of an implementation of an intentional policy. Appellant produced no evidence to the contrary. Accordingly, as to appellant's harassment claims, the trial court did not err in granting appellees' motion for summary judgment based on their governmental immunity defense.

3. The trial court ruled that an amendment to appellant's complaint purporting to add the Commissioner as a party defendant in his individual capacity was ineffective. In his brief, appellant urges that this ruling was erroneous. However, no enumeration of error is broad enough to authorize appellant to raise this issue on appeal. Accordingly, there can be no appellate review of this ruling by the trial court. See *Irvin v. Askew*, 241 Ga. 565, 566 (2) (246 SE2d 682) (1978).

4. Remaining enumerations of error are rendered moot by virtue of our previous holdings.

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED MARCH 3, 1988.

*Antonio L. Thomas*, for appellant.
*George R. Ference, Marva Jones Brooks, W. Roy Mays III, Oli-*

*ver Hunter*, for appellees.