75663. TURNER BROADCASTING SYSTEM, INC. v. EUROPE CRAFT IMPORTS, INC.
(367 SE2d 99)

BENHAM, Judge.

Appellant Turner Broadcasting System, Inc. (TBS) sued appellee Europe Craft Imports, Inc. (ECI) on an account for television adver-

tising TBS claimed it broadcast on ECI's behalf in the fall of 1984, after reaching an agreement to do so with Warren, Muller, Dolobowsky, Inc. (WMD), ECI's advertising agency. After TBS presented its evidence at trial, ECI moved for a directed verdict on the ground that TBS did not prove that it ever had an account with ECI, and that under OCGA § 10-6-55, TBS could not seek payment of the debt from ECI because TBS extended the credit to the agent, WMD, and not the principal, ECI. The trial court granted WMD's motion, and TBS filed this appeal.

1. In its first three enumerations of error, TBS takes the position that the grant of WMD's motion was error. We agree. While it is true that "[i]f the credit shall be given to the agent by the choice of the seller, he may not afterward demand payment of the principal" (OCGA § 10-6-55), it was not shown that, as a matter of law, TBS gave credit to the agent and not the principal. A TBS account representative testified at trial that ECI had advertised with TBS the year before the advertising in question was placed, and that because of that prior relationship she contacted WMD, the advertising agency that ECI used, and sought ECI's business again. TBS offered WMD several television commercials during National Basketball Association and Southeastern Conference Football games in the fall of 1984, for the promotion of ECI's "Members Only" clothing line. The TBS account representative and WMD's representative discussed the schedule TBS proposed and changed it in accordance with the wishes of ECI's advertising manager, as communicated through WMD. The account representative further testified that when the WMD representative placed the advertising order, ECI was to be responsible for payment; that the advertisements were shown as agreed, and that the WMD representative said that both he and the client, ECI, were satisfied with the advertisements. Exhibits were introduced that showed TBS sent confirmation of the order to WMD showing ECI as the advertiser and WMD as the agent.

TBS' credit manager testified that "Members Only" advertisements for ECI had been run on TBS before the advertising in question; that on the other occasions the ads were placed through an agency; that sometimes TBS received payment from the agency and in some cases it was received from ECI directly; and that "Members Only" ads were placed after the schedule in question and that ECI paid for them directly. The credit manager also testified that in January 1985 he contacted WMD to ask when payment would be received for the ads in question, and was told that WMD was not in business and that he needed to contact ECI directly for payment. When that contact was made, the manager was told that ECI was familiar with the problem and to send copies of the bills and they would be paid. The invoices were sent but were not paid. The manager testified on

cross-examination that TBS never took any credit information or a credit application from WMD or ECI.

Appellant called the controller of ECI to testify, and he stated that before November 1, 1984, ECI used WMD as its advertising agency; that when ECI wanted to advertise it called WMD to place the ads for it; and that ECI had put money into an escrow account for the purpose of paying all of the media stations for the advertising that WMD ordered for ECI's fall advertising campaign for its "Members Only" line.

"If there is any evidence tending to establish . . . agency, the questions should be submitted to a jury." *Warnock v. Elliott*, 96 Ga. App. 778, 789 (101 SE2d 591) (1957). "The intention of the parties, as to who is to be bound where the principal is disclosed, is usually a question of fact for a jury." *Kingsberry Homes v. Findley*, 242 Ga. 362, 365 (249 SE2d 51) (1978). The evidence produced at trial as outlined above was sufficient to show that ECI had had an account with TBS in the past with arrangements being made through its agent, WMD. On some occasions payment was made through WMD and sometimes it was made directly by ECI. The evidence also supported the theory that ECI was the disclosed principal and WMD its agent, and that TBS did not intend to give credit to the agent, but to the principal. The evidence was sufficient for a jury to find that to have been the situation, and, if it did, ECI would be liable for the costs incurred by TBS for the ads. See *Southeastern Foam Prods. v. Hilton Hotels Corp.*, 149 Ga. App. 372 (254 SE2d 494) (1979). It is clear that the evidence presented in this case did not demand a verdict for appellee ECI. The trial court erroneously deprived TBS of having a jury resolve whether ECI had an account with TBS, either directly or through the agency relationship with WMD. Therefore, we reverse the judgment. OCGA § 9-11-50; *Deroller v. Powell*, 144 Ga. App. 585 (2) (241 SE2d 469) (1978).

2. Appellant attempted to have the TBS account representative testify that the standard practice in the media advertising industry was that the responsibility for debts on advertising ordered by an agency ultimately lay with the client that hired the ad agency. The trial court refused to allow the jury to hear the testimony, and appellant cites the refusal as error. While as a general rule "[e]vidence of known and established usage shall be admissible to aid in the construction of contracts as well as to annex incidents" (OCGA § 24-6-5), "it cannot destroy, contradict, or modify what is otherwise manifest. Where the intent and meaning of the parties are clear, evidence of a usage to the contrary is irrelevant and unavailing." *Newark Fire Ins. Co. v. Smith*, 176 Ga. 91, 94 (167 SE 79) (1932). The evidence appellant sought to introduce, that as an industry practice the advertiser was ultimately responsible for paying for the ads, contradicted the

documents that appellant had admitted into evidence and upon which it relied, i.e., the confirmation sent to WMD that stated "agency and advertiser acknowledge and assume full responsibility jointly and severally for payment of all advertising broadcast services and related expenses incurred, ordered and provided on behalf of the advertiser by Turner." Therefore, the trial court did not err in rejecting the parol evidence.

3. The trial court refused to admit into evidence a TBS exhibit which consisted of a letter from appellee's attorney to TBS' credit manager to the effect that if TBS wanted the invoices to be paid it needed to execute a form releasing ECI from further obligation to pay TBS for those invoices, and of the unexecuted form. The court's reason for excluding the exhibit was that it was not executed and its purpose was for settlement of the dispute. Appellant contends that the exclusion was error in that the letter was an acknowledgment of the debt which constituted an admission. We agree. OCGA § 24-3-37 states "admissions or propositions made with a view to a compromise are not proper evidence." Our review of the record indicated that ECI's admission of liability was made as part of its offer to *settle* upon certain terms a claim that was unquestioned at the time it was made, and therefore it is admissible. See *Charter Mtg. Co. v. Ahouse*, 165 Ga. App. 497 (1) (300 SE2d 328) (1983). There was nothing in the record to indicate that there had been any effort to compromise: ECI apparently was prepared to pay the full amount of the invoices presented by TBS. The admission of liability contained in the response to appellant's demand under the terms of the agreement between the parties was admissible. *Campbell v. Mut. Svc. Corp.*, 152 Ga. App. 493 (2) (263 SE2d 202) (1979); *Williams v. Smith*, 71 Ga. App. 632 (9) (31 SE2d 873) (1944).

4. The trial court also excluded another TBS exhibit, an agreement between ECI and WMD dated November 1, 1984, purporting to settle certain disputes between the latter two entities about the ECI 1984 fall television advertising campaign. The agreement provided, inter alia, that ECI was placing in escrow over one million dollars for payment to various media that provided advertising for ECI; that the parties agreed that "WMD . . . [has] performed and [is] performing certain advertising services for ECI"; that "such costs, fees and commissions [related to the ECI 1984 fall television spot campaign] when finalized and due shall be the obligation of ECI and shall be paid by ECI and not WMD"; and that ECI was primarily obligated to pay for all television and radio broadcast invoices related to the ECI fall ad campaign. TBS argues that even though it was an agreement between ECI and WMD and not between ECI and TBS, the document should have been admitted into evidence, because it tended to show both the agency relationship between ECI and WMD and ECI's ratification of

WMD's actions in arranging for the advertisements with TBS. We agree with appellant's assertions. The evidence was relevant to the issue before the jury and logically tended to prove appellant's theory of the case. As such, it should have been admitted for the jury's consideration. "The Georgia rule favors the admission of any relevant evidence, no matter how slight its probative value. Evidence of doubtful relevancy or competency should be admitted and its weight left to the jurors." *Rosenthal v. Hudson*, 183 Ga. App. 712 (2) (360 SE2d 15) (1987). The trial court erred in refusing to admit the document.

*Judgment reversed. Banke, P. J., and Carley, J., concur.*

DECIDED MARCH 9, 1988.

*Lawrence S. Burnat, Lynn C. Stewart, Alexander J. Simmons, Jr.*, for appellant.

*Mark L. Golder*, for appellee.