77779. CITY OF MACON v. PASCO BUILDING SYSTEMS et al.
(380 SE2d 718)

BEASLEY, Judge.

The City of Macon sued Pasco and Delta Associates in tort (negligence) for damages resulting from the collapse in a windstorm of an airport hangar and attached office building. The structures were

designed, manufactured and fabricated by Pasco under specifications provided by Delta. A negligence action was already pending in federal district court by Zantop International Airlines, a sublessee, and its insurer for damage to two airplanes in the hangar at the time of the collapse. Named, as defendants were Pasco, Delta, the Macon-Bibb County Industrial Authority, and others. The Authority denied all allegations of negligence and, pursuant to an extension of time for further pleadings, in that federal suit, cross-claimed against Pasco for indemnity.

Before trial of the instant case, a jury verdict and judgment in favor of all defendants was entered on the federal suit. Based on it, the state court granted summary judgment to Pasco and Delta. It concluded that Macon and the Authority were privies and that the issue of Pasco's and Delta's alleged negligent construction of the hangar was fully adjudicated in the federal court, barring Macon from relitigating that issue.

Macon's appeal asserts that since the Authority served only as a "financing conduit" for it, the two entities did not have such privity as to bar Macon's claims in this action. Under the facts presented, the trial court correctly determined that Macon and the Authority were privies so as to invoke the res judicata proscription of OCGA § 9-12-40.

The record established that the Authority was created by legislative act (Ga. L. 1962, p. 2323 et seq.) as a "public body corporate and politic [and] instrumentality" of the City of Macon and Bibb County. It was the conduit for the city for the purpose of developing the facility. Pursuant to a lease agreement of November 1, 1979, Macon, as owner of the property on which the hangar was built, leased the property to the Authority for 15 years. The parties agreed that all buildings and improvements were to remain the sole property of the Authority and would not constitute part of the leased land.

The Authority had contracted with Pasco and Delta for the construction of the hangar and office/shopping complex on September 6, 1979. Under the lease Macon was pledged the rentals received from leasing these buildings for the payment of principal and interest on bonds it issued to pay for construction. The lease of the hangar was between the Authority and the tenant airline, with no property rights assigned to Macon. After the collapse of the buildings, the Authority contracted for their demolition.

Both Macon and the Authority are named insureds under Macon's policy for hazard insurance. A loan receipt executed by Macon and the Authority with the insurer on July 14, 1983, pledges the loan amount to be repaid from any recovery which Macon and/or the Authority might obtain from third parties. Macon and the Authority jointly submitted a sworn proof of loss claim to the insurer and joint

payments for loss of the buildings and debris removal were issued.

"OCGA § 9-12-40 provides that 'A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside.' OCGA § 9-12-42 provides that 'For a former judgment to be a bar to a subsequent action, the merits of the case must have been adjudicated.' These code sections together set out the basic principles of res judicata in Georgia. For res judicata to act as a bar of a subsequent action, the original and subsequent action must bear certain identical characteristics. The two actions must be between identical parties or their privies, and the cause of action in each suit must be identical. Collateral estoppel, like res judicata, requires identity of parties or privity. However, unlike res judicata, collateral estoppel does not require identity of the claim but only precludes readjudication of an issue already adjudicated between the parties or their privies in a prior action. [Cit.]" *Norris v. Atlanta &c. R. Co.*, 254 Ga. 684-685 (333 SE2d 835) (1985). "Further, the doctrine of res judicata will bar an action 'even if some new factual allegations have been made . . . .' [Cits.]" *Williams v. Summit Psychiatric Centers*, 185 Ga. App. 264, 267-268 (6) (363 SE2d 794) (1987).

The Authority was an instrumentality of Macon, or an "agent" created by legislative enactment. See *Knowles v. Housing Auth. of Columbus*, 212 Ga. 729 (95 SE2d 659) (1956); *Richmond County Hosp. Auth. v. McLain*, 112 Ga. App. 209 (144 SE2d 565) (1965). The Authority was the actual owner of the buildings and lessee of the property on which they stood, to the extent that Macon had any property interest in these buildings, for the destruction of which it sought recovery, such interest was derived from the interest of the Authority. Thus that which is res judicata as to the Authority is res judicata as to Macon. *Williams*, supra.

Although the Authority filed a cross-claim for indemnity in the federal action, it did not add any claims it had against Pasco and Delta even though it was granted an extension of time to do so. Any grounds for recovery which Macon had were assertible in federal court. "The factual allegations supporting this claim are identical to those alleged [in the federal action] and had the claims been properly presented, the federal court could have adjudicated the [claims raised here] by exercising pendent jurisdiction." *Hill v. Wooten*, 247 Ga. 737, 738 (279 SE2d 227) (1981). Accord *Monroe v. Lubonicic*, 174 Ga. App. 191 (1) (329 SE2d 583) (1985).

Although Pasco and Delta were the Authority's co-defendants in the federal case, the same issues of negligence were involved and the Authority as agent for the city could have raised any claims for dam-

ages to Macon's ownership interests. See *Charlton Dev. Auth. v. Charlton County*, 253 Ga. 208 (317 SE2d 204) (1984). "Thus, even if it can be said that the [present case] asserts a different claim than the claims asserted . . . in the federal court, [Macon] would also be barred by the final judgment in the federal case as the issues in the various claims are identical." *Chilivis v. Dasher*, 236 Ga. 669, 671 (225 SE2d 32) (1976). See also *Barnes v. City of Atlanta*, 186 Ga. App. 187 (1) (366 SE2d 822) (1988); *Smith v. Carlton Farms*, 181 Ga. App. 743 (1) (353 SE2d 624) (1987).

The motions for summary judgment were properly granted.

*Judgment affirmed. Banke, P. J., and Birdsong, J., concur.*

DECIDED MARCH 8, 1989 —
REHEARING DENIED MARCH 27, 1989 —

*Long, Weinberg, Ansley & Wheeler, Dan B. Wingate*, for appellant.

*Hart & Sullivan, Elaine W. Whitehurst, George W. Hart, R. Jerry Kirkpatrick, John W. Greenfield*, for appellees.