A89A2213. UNITED STATES FIDELITY & GUARANTY
COMPANY v. STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY.
A89A2214. GEORGIA MUTUAL INSURANCE COMPANY v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY.
(392 SE2d 574)

BEASLEY, Judge.

These appeals arise from the third trial of this case, mandated by *State Farm &c. Ins. Co. v. U. S. Fidelity &c. Co.*, 190 Ga. App. 220 (378 SE2d 400) (1989) and will be addressed together. The facts and procedural history are contained in *State Farm*, supra, and will be supplemented only as needed.

### Case No. A89A2213

1. USF&G, insurer of the other vehicle involved in the collision, objected to the following interrogatory submitted to the jury in the third trial: "At the time of the collision, was Roscoe Brown a person employed or engaged in any way in a car business? [Car Business — means a business or job where the purpose is to sell, lease, repair, service, transport, store or park motor vehicles.]"

USF&G argues that this interrogatory failed to include any requirement that the jury consider the purpose for which the car was being used at the time and that the jury be required to find that the purpose was in furtherance of the car business.

Because the State Farm clause here is of the newer type, the inquiry as phrased was proper. As stated in *State Farm*, supra at 222 (2), "[s]ince the applicable exclusion was of the 'newer type,' the relevant focus was upon Mr. Brown and not upon the use to which the jeep was being put at the time of the collision."

The clause did not contain the same language as the one in controversy in *Haley v. State Farm &c. Ins. Co.*, 130 Ga. App. 258 (202 SE2d 838) (1973). The exclusion in that clause was that the car be used by a person "*while* such person is employed or otherwise engaged in an automobile business . . . ." (Emphasis supplied.) The inquiry was appropriately whether the vehicle, which had been borrowed by a service station owner from his brother to go and service a car, was being used as an instrumentality of the business. *Cincinnati Ins. Co. v. Perimeter Tractor &c. Repair*, 192 Ga. App. 243, 244 (1) (384 SE2d 449) (1989).

*Smith v. State Farm &c. Ins. Co.*, 193 Ga. App. 347 (387 SE2d 623) (1989) dealt with two separate automobile exceptions, one in the car wash business owner's policy, which was the older type and applied if the car was being used by any person "while that person is

working in any car business," and one contained in the car owner's policy, which was the same newer type clause at issue in this case. The lower court's grant of summary judgment to State Farm was affirmed. This court focused on the fact that the car wash owner was driving the car to its owner's home at the time of the collision, and was thus then engaged in an automobile business. The rationale also covered the second exclusion, it being broader than the first, and is consistent with the decision in the present case.

2. The clause is not subject to the ambiguity urged in USF&G's second enumeration.

### Case No. A89A2214

3. Georgia Mutual is insurer for Brown, the repairman for Lamineck's jeep, which Brown was driving at the time of the collision. It enumerates the failure of the trial court to allow evidence from it as to the Use-of-Other-Automobile exception in its policy, which included a "repair shop" exclusion of the old type. State Farm, supra at 222 (2). This issue was presented to the trial court in Georgia Mutual's initial proposed pretrial order, submitted prior to the first trial.

In its initial pretrial order, the court phrased three interrogatories for the jury's response, including "Did the accident of October 11, 1986 arise out of the operation of an automobile repair shop?" The order further provided that if that question were answered in the negative, then Georgia Mutual coverage would be found to apply. This question was appropriate as to the Georgia Mutual "repair shop" exclusion. Id. Thus, the issue which it is now contended should have been submitted again was specifically presented to and decided by the jury in the first trial. Its answer was "no."

Although State Farm, insurer for Lamineck's jeep, moved for and was granted a new trial, no such motion was filed by Georgia Mutual. The court specifically held in its amendment to the pretrial order, under which the second and third trials were conducted that "By verdict returned . . . , a jury determined that the accident . . . did not arise out of the operation of an automobile repair shop and the question of permissive use being, by Court construction of the contract, irrelevant to coverage of the policy under Georgia Mutual . . . , the Judgment . . . stands as to . . . Georgia Mutual . . . . The effect whereof being that the Georgia Mutual . . . policy affords coverage relative to the accident . . . which coverage shall be primary if for any reason State Farm . . . coverage is found to be excluded in the retrial of this case."

The court ruled that Georgia Mutual was not a party to the motion filed by State Farm and that the court was not empowered to *sua sponte* grant such a motion beyond thirty days of the original judg-

ment, which rulings were correct. OCGA § 5-5-40; *Hill v. O'Bryan Bros.*, 104 Ga. 137, 141 (1) (30 SE 996) (1898).

Georgia Mutual did not appeal after the second trial and is precluded from presenting the issue to this court. OCGA §§ 9-12-40 & 9-12-42; *Blakely v. Blakely*, 232 Ga. 60, 61 (205 SE2d 205) (1974); *City of Macon v. Pasco Bldg. Systems*, 191 Ga. App. 48, 50 (380 SE2d 718) (1989).

4. The second enumeration deals with the court's rulings on the State Farm exclusion. The objection now raised was not made by Georgia Mutual at the trial and will not be considered here for the first time. *Jackson v. Easters*, 190 Ga. App. 713, 715 (3) (379 SE2d 610) (1989).

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED MARCH 16, 1990.

*Geer & Rentz, Donald D. Retnz,* for USF&G.
*John T. Croley, Jr.,* for State Farm.
*John D. Varnell,* for Georgia Mutual.