A91A1249, A91A1250. SCOTT et al. v. THOMPSON et al.; and vice versa.
(411 SE2d 508)

McMURRAY, Presiding Judge.

This is the second appearance of this case before this Court. See *Scott v. Thompson*, 193 Ga. App. 487 (388 SE2d 371), affirmed *Thompson v. Scott*, 260 Ga. 164 (393 SE2d 447). The remittitur from this court was received in the trial court on May 24, 1990. On June 20, 1990, a judgment, as to the principal amount of $250,000, was en-

tered and made final pursuant to OCGA § 9-11-54 (b), and the clerk of the trial court was directed to issue a writ of fieri facias in favor of plaintiffs and against all defendants.

Six defendants, Larry Thompson, Linda Thompson, Raymond Moon, William Marett, Claude Surface, and Quinn Machamer (hereafter collectively referred to as the "six defendants"), moved to set aside the judgment entered on June 20, 1990, on the grounds that the judgment was erroneous in that "it does not delineate between joint and several and proportional liability," and on the grounds that plaintiffs had received from certain defendants the sum of $197,064.38. On November 26, 1990, this motion was granted to the extent it sought to establish proportional liabilities of the various defendants and the judgment entered on June 20, 1990, was superseded to provide that plaintiffs recover in accordance with sums and percentages attributed to each defendant in the order.

A subsequent request for admissions asked plaintiffs to admit the genuineness of a "COVENANT NOT TO SUE AND NOT TO EN-FORCE JUDGMENT" between plaintiffs and four defendants, Roman A. Deville, Rosa Dziewienski, Arthur Schraff and Sam Forman, and to admit that pursuant to this agreement plaintiffs had received from the four defendants, and negotiated, checks totaling $197,064.38 which was less than the amounts claimed by plaintiffs under the two promissory notes on which these cases are predicated. There is no indication that the request for admissions was timely answered and the statements therein were subsequently stipulated to be correct by plaintiffs.

On November 15, 1990, the six defendants filed their motion for summary judgment contending that the Covenant Not to Sue and Not to Enforce Judgment executed by plaintiffs and four of the defendants operates as a release as to them. Although there are references to the denial of the six defendants' motion for summary judgment, the record contains no written order.

Plaintiffs filed a dismissal without prejudice as to defendants Deville, Dziewienski, Schraff, and Forman, on December 14, 1990. Plaintiffs' case against the remaining six defendants was tried before a jury on December 17 and 18, 1990. The jury returned a special verdict finding that the Covenant Not to Sue and Not to Enforce Judgment constituted a novation, composition, and release as to the six defendants' liability on the issues of the capital gains provision, interest and attorney fees. The verdict provided no award for plaintiffs under the capital gains provision of the notes and no interest or attorney fees.

A succession of three or more judgments filed, culminating after various amendments with the judgment now being appealed which denies plaintiffs any recovery for capital gains, interest, and attorney

fees, but does not explicitly address the effect, if any, of the jury verdict on the November 26, 1990, judgment. In Case No. A91A1249, plaintiffs enumerate as error various issues arising during the trial on December 17 and 18, 1990. In Case No. A91A1250, the remaining six defendants raise issues concerning the effect of the Covenant Not to Sue and Not to Enforce Judgment, the sums paid to plaintiffs pursuant thereto, and the jury verdict of novation, release and composition, on the six defendants' obligations under the November 26, 1990, judgment as to the principal amount of the notes. *Held*:

1. Plaintiffs enumerate as error the trial court's charge of the substance of a request for admissions which was not introduced into evidence. Requests for admissions and the responses thereto "not being a part of the pleadings in the case and being in the nature of evidence and relating to the proof, must, therefore, before they can be considered by the trior of the facts, be introduced in evidence." *Forsyth v. Peoples, Inc. of Rome*, 114 Ga. App. 726, 727 (3) (152 SE2d 713). See also *Brooks v. Roley &c. Engineers*, 144 Ga. App. 101 (1) (240 SE2d 596). While plaintiffs' counsel admitted that the request for admissions was correct, this concession did not obviate the requirement that the request for admissions be introduced into evidence before it is considered by the jury. The trial court erred in permitting the jury to consider the request for admissions which had not been introduced into evidence.

2. Plaintiffs enumerate as error the trial court's refusal to admit into evidence the trial court's order of November 26, 1990, which divided the judgment of $250,000, for the principal on the note, into portions attributed to each defendant. Defendants' objection that this evidence was irrelevant is not well founded. In view of the dismissal of four of the original ten defendants, the information contained in the November 26, 1990, order was necessary in order to compute the obligation of the remaining six defendants, whether collectively or individually, under the capital gains provisions of the notes, and for interest and attorney fees. The trial court erred in excluding this evidence. *Turner Broadcasting System v. Europe Craft Imports*, 186 Ga. App. 286, 289 (4), 290 (367 SE2d 99).

3. The first enumeration presented by plaintiffs contends that the trial court erred in charging the jury as to the defenses of release, novation, compounding, and suretyship, in that all of these defenses were predicated on the Covenant Not to Sue and Not to Enforce Judgment which was not introduced into evidence. This enumeration of error must fail due to the absence of an adequate objection to the charge given. Plaintiffs' objections to the charge given were accomplished by a reference to their arguments during the charge conference. (While we disapprove of the trial court allowing the incorporation by reference of charge conference arguments as post charge

objections, we will not penalize plaintiffs for the use of this procedure. *Clemons v. Atlanta Neurological Institute*, 192 Ga. App. 399 (1) (384 SE2d 881).) The arguments made by plaintiffs at the charge conference involved references to requests to charge by number, accompanied in some instances by a brief reference to the subject matter of the charges. Since the parties' requests to charge are not contained in the record on appeal, we are unable to determine whether the numbered requests mentioned in plaintiffs' objections at trial are the same charges now enumerated as error. *Isaacs v. Williams Bros.*, 195 Ga. App. 812 (2) (395 SE2d 11); *United States Fidelity &c. Co. v. State Farm &c. Ins. Co.*, 195 Ga. App. 14, 16 (4) (392 SE2d 574); *Cooper v. Re/Max North Atlanta*, 186 Ga. App. 79, 83 (2) (366 SE2d 328).

4. The final enumeration of error presented by plaintiffs complains that the form of the verdict is erroneous in that it requires the jury to decide matters of law and not fact. However, after carefully examining plaintiffs' objection to the form of the verdict, we are unable to find that this issue was presented to the trial court. The failure to raise the issue argued on appeal before the trial court results in a waiver. *Fort & Turner Enterprises v. Scrocca*, 195 Ga. App. 554, 555 (3) (394 SE2d 364).

5. Both of the enumerations of error presented by the six defendants are predicated on the jury verdict, particularly the special finding that there had been a novation, release, and composition. This jury verdict is overturned by our holding, in Divisions 1 and 2, finding harmful error during the retrial of the case sub judice. Thus, the contentions raised by the six defendants' enumerations of error become premature and we may not address these issues which are not ripe for appellate review. *Womack Indus. v. B & A Equip. Co.*, 199 Ga. App. 660, 662 (2) (405 SE2d 880); *Riberglass, Inc. v. ECO Chem. Specialties*, 194 Ga. App. 417, 420 (3) (390 SE2d 616).

*Judgment reversed in Case No. A91A1249; appeal dismissed in Case No. A91A1250. Sognier, C. J., concurs. Andrews, J., concurs in the judgment only.*

DECIDED SEPTEMBER 26, 1991 —
RECONSIDERATION DENIED OCTOBER 9, 1991 —

*Stevens & Gerson, Ronald S. Stevens*, for appellants.
*Dupree, Johnson & Poole, Hylton B. Dupree, Jr., Mark A. Johnson*, for appellees.