A92A0063. SCOTT et al. v. THOMPSON et al.
(415 SE2d 508)

MCMURRAY, Presiding Judge.
This is the third appearance of this case before this Court. See *Scott v. Thompson*, 193 Ga. App. 487 (388 SE2d 371), affirmed *Thompson v. Scott*, 260 Ga. 164 (393 SE2d 447) and *Scott v. Thompson*, 201 Ga. App. 443 (411 SE2d 508). Following the first appeal in this case, on June 20, 1990, the state court entered an order pursuant to the appellate decisions which certified a judgment of $250,000 in favor of plaintiffs as final pursuant to OCGA § 9-11-54 (b) and directed the clerk of that court to issue a writ of fieri facias in that amount in favor of plaintiffs and against defendants. Prior to the conclusion of the then pending May term of court, defendants moved the state court to set aside, correct, or otherwise revise the judgment. The state court's ruling on this motion resulted in an order entered November 26, 1990, which established proportional liabilities of the various defendants and in this respect superseded the judgment of June 15, 1990, filed June 20, 1990. Following a jury trial, a succession of judgments was entered, the final one, entered February 19, 1991, being appealed in the second appearance of the case before this Court.

The judgment entered February 19, 1991, denied plaintiffs any recovery whatsoever for capital gains, interest, and attorney fees from defendants Marett, Larry B. Thompson, Linda Thompson, Mac-

hamer, Surface, and Moon. The judgment also provided that: "Supersedeas is hereby granted by this Court to the enforcement of the November [26], 1990, Judgments, pending ultimate resolution of these issues in the appropriate appellate forum. Plaintiffs shall not attempt to enforce by any means the November [26], 1990 judgments until [ultimate] resolution of these issues by the appellate courts, and any filing of the November [26], 1990 judgments on any general execution docket shall not operate as a lien until these matters are ultimately resolved by the appropriate appellate courts."

Thereafter, while the second appeal in this case was pending before this Court, such appeal being in part from the judgment entered February 19, 1991, defendants filed their "MOTION TO CLARIFY JUDGMENT" complaining that plaintiffs were insisting on payment of the November 26, 1990 judgment and seeking a ruling that the plaintiffs were in direct contravention and contempt of the trial court's order entered February 19, 1991. The defendants sought clarification of the effect of the November 26, 1990 judgment in light of the above quoted language of the judgment entered February 19, 1991.

On August 29, 1991, the trial court entered an order repeating in substance the declarations contained in the February 19, 1991 order that the November 26, 1990 judgment not operate as a lien against any property until ultimate resolution of the case by the appellate courts. The August 29, 1991 order also declared that "Plaintiffs shall henceforth be in contempt of this Court's Order in the event that they insist upon payment of any of the November [26], 1990 Judgments prior to the appellate courts of this State declaring that the November [26], 1990 Judgments are valid and enforceable." Additionally, plaintiffs were ordered to cancel fieri facias filings in any general execution dockets and one of the defendants was ordered to place certain funds in the registry of the clerk of the trial court pending appellate resolution of the validity of the November 26, 1990 judgment. Plaintiffs appeal from the trial court's order entered August 29, 1991.
*Held*:

1. The order being appealed, as well as the similar provisions which preceded it in the judgment of February 19, 1991, constitute an order of supersedeas as to the judgment of November 26, 1990. This order of supersedeas does not alter or modify any judgment of the trial court, but serves merely to suspend the efficacy of the judgment of November 26, 1990. While there has been no appeal from the judgment of November 26, 1990, issues remain in the case sub judice as to the effect of the "COVENANT NOT TO SUE & NOT TO ENFORCE JUDGMENT," executed by plaintiffs and four of the original ten defendants, upon the obligations of the remaining defendants under the November 26, 1990 judgment. We did not reach these is-

sues in the second appeal of the case sub judice because of our reversal of the judgment of February 19, 1991.

While it is true that due to the absence of an appeal from the November 26, 1990 judgment, there is no supersedeas in regard to this order under the provisions of OCGA §§ 5-6-46 and 5-6-47, such does not preclude an order of supersedeas by the trial court pursuant to its discretion under OCGA §§ 15-6-9 and 15-7-43. In view of the allegations of defendants that the judgment of November 26, 1990, has been satisfied by novation, composition, and release, an order of supersedeas was an appropriate response by the trial court in order to prevent an abuse of the process of the trial court pending the resolution of these issues. See 83 CJS, Supersedeas, §§ 1 and 3. In view of the peculiar facts and circumstances of the case sub judice, we find no abuse of the trial court's discretion in entering an order of supersedeas since irreparable harm might result in the absence of the trial court's order. *Biggers v. Hope*, 176 Ga. 141 (167 SE 176); *Montgomery v. King*, 125 Ga. 388, 391 (54 SE 135).

2. Furthermore, we find no harm to plaintiffs resulting from the trial court's failure to afford plaintiffs the notice prescribed under OCGA § 9-11-6 (d). The trial court conducted a telephone conference hearing on the same day defendants' motion was filed. This Court has previously noted that the five-day service rule of OCGA § 9-11-6 (d) "is not a hard and fast one." *Burger Chef Systems v. Newton*, 126 Ga. App. 636, 639 (191 SE2d 479). A violation of OCGA § 9-11-6 (d) is not a cause for reversal unless harm is shown. *Walton v. Datry*, 185 Ga. App. 88, 91 (363 SE2d 295). In the case sub judice, plaintiffs have failed to show any harm resulting from the procedure followed by the trial court. Plaintiffs' counsel was given notice of the hearing on defendants' motion and did not appear. The only objection raised by plaintiffs as to the substance of the trial court's order is a legal issue: The authority of the trial court to enter such an order. Plaintiffs cannot assert that they were surprised by the issue raised nor contend that they did not have ample time to research it as the order appealed does not vary in substance from the supersedeas provisions contained in the judgment of February 19, 1991.

*Judgment affirmed. Sognier, C. J., and Cooper, J., concur.*

DECIDED FEBRUARY 10, 1992.

*Stevens & Gerson, Ronald S. Stevens,* for appellants.
*Dupree, Johnson & Poole, Hylton B. Dupree, Jr., Mark A. Johnson,* for appellees.